CITY OF BETHANY v. TWIN LAKES GUN CLUB.

No. 34261.   Oct. 2, 1951.

*236 P. 2d 255.*

C. C. Andrews and Priest & Belisle, Oklahoma City, for plaintiff in error.

E. P. Ledbetter, Oklahoma City, for defendant in error.

GIBSON, J.   Reference to the parties will be made as they appeared in the trial court.

Twin Lakes Gun Club, a private corporation, sued city of Bethany, a municipal corporation, for damages sustained by reason of defendant maintaining a nuisance in the operation of its sewerage disposal plant.

In its petition plaintiff alleged that it owned certain land upon which it maintained and operated lakes and facilities for fishing, boating, picnicking and other outdoor sports for its members and their guests. Its "West Lake" of seven acres is situated on a stream, flowing north, and at a point approximately one-half mile to the south, defendant for a period of more than two years has negligently caused and permitted improperly treated sewerage, chemicals and other deleterious and harmful substances to enter the stream and flow into said West Lake causing its waters to become contaminated, discolored and foul smelling and completely destroying the lake for all useful purposes and to render the same wholly unfit for the purpose and uses for which it was constructed and maintained, to the plaintiff's damage in the sum of $10,000.

It is further alleged that certain impurities, chemicals and by-products, so negligently permitted to flow into the lake settled at the bottom and formed a "sludge" or composition harmful to plant life and mosses, and destroyed animal life and fish in the lake, and in order to restore the lake to its natural condition it would be necessary to drain the lake and remove the harmful matter and that the reasonable cost of such restoration is $15,000, and judgment was prayed in the total sum of $25,000.

The case was tried to a jury, which returned a verdict for plaintiff in the sum of $4,500. Thereafter this appeal was properly lodged.

The evidence was sufficient to sustain the findings of the jury, necessarily implied in its verdict, to the effect that the operation of defendant's sewerage plant constituted a nuisance and that as a result the fish and plant life of plaintiff's lake was practically destroyed; that it became a foul smelling body of water and was rendered wholly unfit for the purposes and uses for which it was constructed and maintained.

Defendant in its brief urges three assignments of error: First, it is said that the court erred in admitting incompetent and irrelevant evidence relating to fishing permits and rental value of cabins.

A witness, qualified as having experience in renting cabin sites and in selling fishing permits on a similar lake in that vicinity, was permitted to testify, over defendant's objections, that he was also familiar with this lake and that there were 15 or 16 cabin sites on plaintiff's lake which would bring an annual rental income of from $125 to $150 per year and the sale of fishing permits alone would produce an annual rental of $2,000 to $3,000, and that his estimates were based on use of the lake for commercial purposes.

The basis of defendant's objection to this evidence was that plaintiff was a private club operated only for its members and that it never had operated the lake as a commercial enterprise and never intended to do so, and further that the loss of rental sites and sale of fishing permits to the public was not pleaded in plaintiff's petition.

It contended that this character of evidence is an attempt to prove special damages without pleading the same, and numerous authorities are cited of the recognized rule that special damages must be pleaded and that it is error to admit proof of such damages in the absence of such allegations.

Plaintiff contends that such evidence was not offered for the purpose of showing a loss of rentals, but solely for the purpose of showing the value of the use of its property, of which use it had been deprived by the tortious acts of the defendant. And it is urged that the measure of damages for maintenance of a temporary and abatable nuisance is the loss of the rental or usable value of the premises.

We are of the opinion that the evidence as to the values of cabin sites, and the income that could have been derived from the rental of such sites and from the granting of fishing permits to the public on a commercial basis, was properly admitted. The owner had the right to use his property for any lawful purpose. The fact that this lake had not been so used and that there was no present intention by the plaintiff to so use it is of no consequence.

In Oklahoma City v. McAllister, 174 Okla. 208, 50 P. 2d 361, we held:

"The owner of a farm who elects to reside thereon and be his own landlord and tenant is entitled to just compensation for annoyance and discomfort occasioned by the maintenance of an abatable nuisance adjacent thereto by another, but the measure of damages to be awarded is the diminution in the rental or usable value of the realty."

In the McAllister case we cited with approval the case of Swift v. Broyles, 115 Ga. 885, 42 S. E. 277. In that case the Georgia court said:

" . . . One who himself occupies premises of which he is the owner cannot, it is true, logically be said to have suffered any actual loss of rent by reason of a tortious interference with the enjoyment of his home. The decisions just cited are not, however, based upon any such erroneous theory, but rest upon the perfectly rational doctrine that the owner of property of a given rental value is entitled, if he elects to be at once his own landlord and tenant, to get an amount of enjoyment out of it equal to the sum he would be obliged to pay as rent for premises, of a like rental value, belonging to another."

The loss of the usable value of plaintiff's lake for the use and purpose for which it was built was sustained by competent evidence.

For its second proposition the defendant says:

"The court erred in giving Instruction No. 5 which related to the Ten Thousand Dollar item of damage relating to the loss of use of the lake."

Instruction No. 5 was as follows:

"You are instructed that if you find for the plaintiff, its measure of damages in this case is, (1) such a sum as you find from a preponderance of the evidence as will reasonably compensate it for the loss of use of said lake due to the impure, contaminated and foul smelling condition of the lake herein, not exceeding the sum of $10,-000, the amount sued for; and (2) such sum as you find from a preponderance of the evidence to be the necessary expense of draining said lake and removing sludge, chemicals and other impure substances deposited therein, if any you should find by a preponderance of the evidence, during the two-year period next prior to September 3, not exceeding the sum of $15,000, the amount sued for upon this item."

In its brief defendant confines its objections to an objection to part (1) of the instruction.

Defendant states that the giving of the instruction complained of is directly connected with the admission of the evidence discussed in its first specification. It assumes that all evidence as to the loss of rental or usable value first objected to was incompetent and inadmissible, and that therefore there was no competent evidence to support the first part of instruction No. 5. Defendant relies on City of Weatherford v. Rainey, 151 Okla. 183, 3 P. 2d 153, wherein we said that an instruction not applicable to the facts proven should not be given even though it correctly states an abstract proposition of law. Numerous other authorities are cited to the same effect. We recognize this rule.

But in the City of Weatherford case, supra, there was no evidence which established the usable value of the property involved. That was another suit for damages sustained by reason of the negligence of the city in maintaining and operating its sewerage disposal plant. There was evidence that plaintiff's property was used as a chicken and dairy ranch and that the pollution of the stream flowing onto plaintiff's land impaired the usable value thereof, but no evidence was produced from which damages as to the loss of the usable value thereof could be fixed or calculated.

In the case at bar, by evidence which we hold to be competent, a loss of the usable value of plaintiff's lake was established in amounts which, alone, over the two-year period preceding the filing of plaintiff's petition, would have sustained a verdict for a larger sum than allowed by the jury.

For its third specification of error defendant says that the trial court erred in rendering judgment against the defendant for costs, for the reason that there is no evidence that plaintiff submitted any claim to the city before the filing of the suit, and that 11 O. S. 1941 §674 requires the submission of such claim before plaintiff can recover its costs.

This question of costs was raised for the first time in plaintiff's brief on this appeal. The journal entry of judgment shows costs assessed against defendant. It bears the approval by counsel for defendant. The objection to the assessment of costs was not assigned in defendant's motion for new trial and was never presented to the trial court to give that court an opportunity to rule upon the same. The objection will not be considered by this court. City of Altus v. Wise, 193 Okla. 288, 143 P. 2d 128.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.