Howard L. CONKIN and Juanita Conkin, Appellees,

v.

Jimmie RUTH, d/b/a Jimmie Ruth Oil Company and Johnson Construction Company, Appellant.

No. 48851.

Court of Appeals of Oklahoma, Division 2.

Nov. 23, 1976.

Rehearing Denied Dec. 23, 1976.

Certiorari Denied June 19, 1978.

Released for Publication by Order of Court of Appeals June 22, 1978.

John D. Boydston, Boydston & Burnham, Eufaula, for appellees.

R. Richard Hutton, Woodliff & Hutton, Henryetta, for appellant.

BRIGHTMIRE, Judge.

The parties own adjoining tracts of land in McIntosh County, Oklahoma. Plaintiffs Conkin filed this action for damages from defendant Ruth and injunctive relief against the continuance of (a) diversion of surface water flow, (b) a nuisance, and (c) trespassing, which are alleged to have resulted from Ruth's construction of a service station and restaurant on his tract. Treating the case as one in equity the parties tried it to the court who, after hearing and seeing a substantial amount of evidence, granted plaintiffs a $11,750 judgment. Ruth appeals contending plaintiffs should have been awarded nothing; or in any event not so much.

## I

The issues made up by the pleadings [1] are whether defendant (1) rearranged the surface of his land so as to injuriously divert the flow of surface water onto plaintiffs' property? (2) trespassed on plaintiffs' land with regard to disturbing a fence and the building of a drainage ditch? (3) created and maintained a private nuisance in the form of an unsanitary and unbearably stinky "human waste septic pool"?

## II

In his memorandum decision the trial judge recited that he "finds generally for the Plaintiff and against the defendant's cross petition." He further stated that he was most impressed by the testimony of one of plaintiffs' witnesses, a professional appraiser, who "approached the subject of damages in a most professional way." This witness, continued the judge, after testifying that the "sewage lagoon" diverted the former flow of the surface water causing damage to plaintiffs' abutting land, opined that plaintiffs' land was worth $23,000 before the diversion, and only $11,250 afterward. The difference of $11,750, concluded the judge, is plaintiffs' damage according to *Lynn v. Rainey*, Okl., 400 P.2d 805 (1965).

1. We are limiting our consideration to plaintiffs' second amended petition and defendant's denial. Defendant's cross-appeal complaining of denial of relief on his cross-petition we consider as having been abandoned because of a failure to support his cross-petition in error with a brief.

## III

Evidence there is to sustain the trial court's finding insofar as liability is concerned, but not as to the amount of damages awarded. Before engaging the subject of damages, however, we ought to mention that we cannot understand what there is about *Lynn* that prompted the trial judge to think it controlled the facts of this case. About the only thing relevant in *Lynn* is its recitation of the long-standing rule in this state relating to surface waters, i. e., that the common law "common enemy doctrine" is in force as "modified by the rule of reason." Otherwise the case is of no help—either factually or legally. It involved an action for a mandatory injunction to make an adjoining landowner remove a dam he built to prevent drainage of a ditch dug by plaintiffs across their land through which was to flow surface water drained from their land. The high court, in denying plaintiffs' relief, said they had no right to create and impose on defendants an artificial flow of surface water. And under these circumstances the court would not enjoin defendants from taking steps to protect their acreage by building an earthen dam to block that flow even though the result was a flooding of plaintiffs' land.

## IV

▬ Coming back to the question of damages, it is clear that the trial judge awarded plaintiffs compensation for permanent damages to their land apparently resulting from the consequences of surface water flow diversion. This was error because plaintiffs did not allege they have suffered permanent damage and the evidence in the record does not support a finding that they did. Moreover the court failed to deal specifically with the issue of what damages arose from the trespass and nuisance—the other two injuries found to have been inflicted on plaintiffs by defendant.

## V

■ The measure to be applied in compensatorily assessing "temporary" damage to realty arising out of the diversion of surface water flowage is the reasonable costs of repairing the damage, restoring the land to its prediversion state, or otherwise abating the detriment, if such cost is less than the fair prediversion value of the property. *Allied Hotels, Ltd. v. Barden*, Okl., 389 P.2d 968 (1964). If the damage is permanent, however, then the measure to be used is the difference between the value of the property before the diversion and its value afterward. *Keck v. Bruster*, Okl., 368 P.2d 1003 (1962).

■ Damage to realty is deemed to be permanent if irreparable, irremediable, or the remedial costs exceed the value of the property. *Allied Hotels, Ltd. v. Barden, supra.*

Here there was evidence of the before and after value of plaintiffs' tract, but there was lacking preliminary evidence that the diversion damage was permanent— proof that was necessary before the value evidence could become material.

## VI

■ Because the cause must be remanded for a new trial on the issue of damages we should mention that the measure of compensation for injury resulting from a nuisance is quite similar to the diversionary measures mentioned above. If the nuisance is an abatable one then the injured landowner is entitled to have the nuisance abated and receive compensation in an amount equal to the depreciation in rental value resulting from the nuisance along with compensation for temporary annoyance, inconvenience, and discomfort to the occupant . if the land is occupied. 50 O.S.1971 § 13; *Oklahoma City v. Eylar*, 177 Okl. 616, 61 P.2d 649 (1936); *Oklahoma City v. Dyer*, 177 Okl. 620, 61 P.2d 660 (1936). On the other hand if the nuisance cannot be enjoined by legal procedures, damages for permanent injury to the land may be recovered. *City of Edmond v. Billen*, 171 Okl. 90, 42 P.2d 253 (1935). The measure for such

permanent injury is the depreciation in value it causes as in the case of permanent water diversion damage. *Choctaw, O. & G.R.R. v. Drew*, 37 Okl. 396, 130 P. 1149 (1913).

For trespass to realty the measure of compensation is described in 23 O.S.1971 § 62.

## VII

The judgment below is therefore reversed and the cause remanded with instructions to grant defendant a new trial on only the issue of damages and upon hearing further evidence to determine the amount of compensation to be awarded plaintiffs in a manner not inconsistent with the views herein expressed.

BACON, P. J., and NEPTUNE, J., concur.