Emmy AUSTIN and William L. Austin, Sr., as Next of Kin of William L. Austin, Jr., Deceased, Plaintiffs–Appellees,

v.

STATE of Tennessee, Defendant–Appellant.

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 6, 1991.

Philip E. Mischke, Memphis, for plaintiffs-appellees.

Charles W. Burson, Atty. Gen., and Reporter John Knox Walkup, Sol. Gen., Michael W. Catalano, Deputy Atty. Gen., for defendant-appellant.

CRAWFORD, Judge.

This case involves the award of post-judgment interest on a claims commission judgment[1] against the state.

In *Austin v. State*, 796 S.W.2d 449 (Tenn.1991), the Supreme Court affirmed the judgment of the circuit court awarding damages to the Austins in the amount of $300,000.00. On November 12, 1990, after the Supreme Court's remand to the trial court, the Austins filed a motion for an award of post-judgment interest from the date of the judgment—July 1, 1987—until October 22, 1990, when the judgment was

---

1. The case was actually transferred to the circuit court as authorized by T.C.A. § 9–8–404 (Supp.1991), but pursuant to the statute, it was handled by the court "in accordance with the provisions of [the claims commission acts]." T.C.A. § 9–8–404(a) (Supp.1991).

paid.[2] The trial court granted the motion and awarded the Austins "post-judgment interest in the amount of $82.19 per day from July 1, 1987, through the date that the interest is paid." The state has appealed and the only issue for review is whether the trial court erred in awarding post-judgment interest.

We refer to the Supreme Court's Opinion in *Austin v. State, supra,* for background information and procedural history of the case prior to the trial court's action in awarding post-judgment interest. The Court said:

> This claim against the State of Tennessee is for the wrongful death of William L. Austin, Jr. The trial judge granted plaintiff's motion for summary judgment and awarded the maximum recovery against the State of $300,000. The Court of Appeals affirmed the trial court on the issue of jurisdiction, pursuant to T.C.A. § 9–8–307(a)(1)(I), but held that summary judgment on the issue of negligence was inappropriate and remanded for trial on the merits of that issue.
>
> The underlying facts of this action are addressed in *Austin v. City of Memphis,* 684 S.W.2d 624, 626 (Tenn.Ct.App.1984).
>
> > On the night of March 16, 1980, during a period of heavy rains, plaintiffs' decedent was driving his automobile in a northerly direction on Perkins Street in Memphis, Tennessee. He was in the process of traversing the four-lane concrete Perkins Street Bridge over Nonconnah Creek when a part of the bridge on the eastern-most, or upstream side, collapsed. His vehicle fell into the Nonconnah Creek and his death resulted.
>
> In 1981 plaintiffs, decedent's parents, filed this claim against the State in the Tennessee Board of Claims. As the Court of Appeals noted, the claim asserts that "the State had a duty to inspect and maintain the Perkins Road Bridge, that it negligently failed to perform this duty, and that this negligence was a proximate

cause of the bridge collapse and resulting death of plaintiff's decedent." In 1986 the action was transferred to the Tennessee Claims Commission by agreement of the parties, and in 1987 it was transferred to the Shelby County Chancery Court. Finally, the case was transferred to the Shelby County Circuit Court and consolidated with the case cited above against the City of Memphis and others. After plaintiffs were awarded judgment against the State in the trial court, they dismissed with prejudice their action against the City of Memphis and the other defendants.

796 S.W.2d at 449–450.

■ Basically, the State argues that the $300,000.00 limit for the recovery of damages in tort claims against the State includes post-judgment interest and that post-judgment interest cannot be awarded over and above the $300,000.00 cap. The State asserts, and we agree, that the issue before us must be determined from statutory construction.

Subsections (d) and (e) of T.C.A. § 9–8–307 (Supp.1991) contain the statutory provisions pertinent to the issue before us. T.C.A. § 9–8–307(d) as pertinent provides:

> (d) The state will be liable for actual damages only. No award shall be made unless the facts found by the commission would entitle the claimant to a judgment in an action at law if the state had been a private individual. The state will not be liable for punitive damages and the costs of litigation other than court costs. The state will not be liable for willful, malicious, or criminal acts by state employees, or for acts on the part of state employees done for personal gain.... If the claimant is successful with any claim filed with the claims commission after January 1, 1985, the state shall pay such interest as the commissioner may determine to be proper, not exceeding the legal rate as provided in § 47–14–121....

T.C.A. § 9–8–307(e) provides as pertinent:

---

**2.** The state does not raise any issue about the timeliness of the motion and its effect on the

jurisdiction of the trial tribunal.

(e) For causes of action arising in tort, the state shall only be liable for damages up to the sum of three hundred thousand dollars ($300,000) per claimant and one million dollars ($1,000,000) per occurrence. . . .

 The rule of statutory construction to which all others yield is that the intention of the legislature must prevail. *Plough, Inc. v. Premier Pneumatics, Inc.,* 660 S.W.2d 495, 498 (Tenn.App.1983); *City of Humboldt v. Morris,* 579 S.W.2d 860, 863 (Tenn.App.1978). Legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used when read in the context of the entire statute, and without any forced or subtle construction to limit or extend the import of the language. *Worrall v. Kroger Co.,* 545 S.W.2d 736, 738 (Tenn.1977); *Plough, Inc. v. Premier Pneumatics, Inc.,* 660 S.W.2d 495, 498 (Tenn.App.1983).

 It is the duty of the Court to reconcile inconsistent or repugnant provisions of a statute and to construe a statute so that no part will be inoperative, superfluous, void or insignificant. The court must give effect to every word, phrase, clause and sentence of the act in order to achieve the legislature's intent, and it must construe a statute so that no section will destroy another. *City of Caryville v. Campbell County,* 660 S.W.2d 510 (Tenn. App.1983).

The State interprets the statutory language to mean that the claims commission cannot award interest on a judgment if by making such an award the State's total liability for a claim would exceed $300,-000.00.

 In creating the claims commission by Chapter 972, Public Acts of 1984, the legislature placed a $300,000.00 cap on an award of "damages" for any one person. The word "interest" was not used in this act. By Section 6, Chapter 105, Public Acts of 1985, the legislature added the provision regarding interest to T.C.A. § 9–8–307(d). Obviously, the legislature knew that it had previously established a $300,000.00 cap on a damage award when it specifically authorized, by this provision, an award of inter-est on a "successful" claim without stating a monetary limitation. It is the duty of the appellate court in construing a statute to avoid a conflict with a prior act if at all possible. See *West v. State,* 140 Tenn. 358, 204 S.W. 994 (1918). Statutes forming a single statutory scheme should be construed together to make the system consistent in all of its parts and uniform in its operation. *Wayne County v. Tennessee Solid Waste Disposal Control Board,* 756 S.W.2d 274 (Tenn.App.1988).

To properly arrive at the legislative intent, the seminal issue is whether post-judgment interest constitutes a part of "damages" within the meaning of T.C.A. § 9–8–307(e). Apparently, this issue has not been addressed by any of the appellate courts in the state.

In 1979, the legislature substantially modified the law regarding interest. T.C.A. § 47–14–102 (1988), a codification of Section 1, Chapter 203, Public Acts of 1979, defines, inter alia, interest as "compensation for the use or detention of, or forbearance to collect, money over a period of time, and does not include compensation for other purposes. . . ." Significantly, Chapter 203 of the Public Acts of 1979 clearly distinguished between interest on judgments and pre-judgment interest. T.C.A. § 47–14–121, a codification of Section 20, Chapter 203, establishes the rate of interest on judgments and T.C.A. § 47–14–122, a codification of Section 21 of the act, provides for the computation of interest on judgments from the day of the return of a verdict without regard to a motion for new trial. In contrast to the last referred to statute, T.C.A. § 47–14–123, a codification of Section 22 of the 1979 act, specifically defines prejudgment interest as "an element of, or in the nature of, damages, . . . ." Such a distinction made by the legislature evidences its intent that there be a distinct difference between pre-judgment interest which is part of damages and interest on a judgment which does not constitute a part of the damages. The claims commission acts, which were passed subsequent to the 1979 act modifying the law on interest, do not define the terms "interest"

or "damages." When a word which has a known legal meaning is used in a statute it must be assumed that it is used in its legal sense in the absence of an indication to the contrary. *National Life & Accident Ins. Co. v. Craig,* 163 C.C.A. 518, 251 F. 524 (C.C.A.Tenn.1918). Damages has been defined as:

> the sum of money which the law awards or imposes as pecuniary compensation, recompense, or satisfaction for an injury done or a wrong sustained as a consequence of either a breach of a contractual obligation or a tortious act. Expressed in other terms, damages are the pecuniary consequences which the law imposes for the breach of some duty or the violation of some right.

22 Am.Jur.2d, Damages § 1, p. 33 (1988).

It seems quite evident that the legislature in dealing with the claims commission acts in both 1984 and 1985 was well aware of its previously enacted definitions of interest and pre-judgment interest and was likewise well aware of the established meaning of the term "damages." The statute regarding the award of interest to the "successful" claimant is clear and unambiguous: the commissioner is granted discretion to award interest on the judgment, even though the award of interest may bring the total amount collected by the claimant to an amount in excess of $300,-000.00. The cap placed on the recovery is clearly for the damages awarded and does not apply to the award of interest.

The appellees concede in their brief that the post-judgment interest should run only until the judgment was paid on October 22, 1990, instead of as ordered by the court until the interest is paid.

Accordingly, the order of the trial court granting post-judgment interest is modified to award interest on the judgment only until October 22, 1990, the date the judgment was paid. As modified, the order is affirmed and the case is remanded to the trial court for such other proceedings as may be necessary and costs of appeal are assessed against the appellant.

TOMLIN, P.J., W.S., and FARMER, J., concur.