**Fern CUNNINGHAM, Appellee/Counter–Appellant,**

v.

**The CITY OF ARDMORE, Oklahoma, Appellant/Counter–Appellee.**

**No. 85131.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 23, 1996.

Rehearing Denied Sept. 27, 1996.

Certiorari Denied Dec. 11, 1996.

Ted J. Pasley, Bickford, Pasley & Farabough, Ardmore, for Appellant/Counter–Appellee.

F. Lovell McMillin, Thomas K. Baldwin, Fischl, Culp, McMillin, Chaffin & Bahner, Ardmore, for Appellee/Counter–Appellant.

### *MEMORANDUM OPINION*

GARRETT, Judge:

Appellee, Fern Cunningham (Cunningham) sued Appellant, The City of Ardmore, Okla-

homa (City) under the Governmental Tort Claims Act (Act), alleging City was negligent in operating and maintaining its sewer lines. She alleged City used a high pressure pump to flush a sewer stoppage in the City's main line, which caused raw sewage to be blown into her home. She alleged City's employees were negligent, and their negligent acts were the proximate cause of her property damage. In her deposition she testified she had suffered annoyance, discomfort and had been personally inconvenienced by the sewage in her home. That contention was included in the pre-trial conference order. Prior to trial, City filed a motion in limine seeking to prevent Cunningham from introducing evidence on the issues of inconvenience and discomfort. The motion was denied. The jury returned a verdict for Cunningham in the sum of $25,000.00 for property loss and $13,-000.00 for discomfort, annoyance and personal inconvenience. The court entered judgment accordingly.

■ City contends the court erred in denying its motion in limine. The objection was not renewed at the trial. Rulings on a motion in limine are advisory. To preserve the issue for appeal, the objection must be made when the evidence is submitted during the trial. *Corbell v. State ex rel. Department of Transportation*, 856 P.2d 575 (Okl.App. 1993). This contention will not be considered.

City contends the court erred in giving an instruction on the question of annoyance, inconvenience and discomfort because the Act does not permit an action in nuisance to be brought against a city. The Governmental Tort Claims Act, 51 O.S.1991 § 151 et seq., establishes the doctrine of sovereign immunity in Oklahoma. Section 152.1 provides:

A. The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts.

B. The state, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions. In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution.

Section 153 provides:

A. The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state. The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.

B. The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.

■ City maintains the damages for discomfort, annoyance and inconvenience are damages that arise in a nuisance action, which is not specifically enumerated under the Act as a tort for which the City may be sued. Cunningham alleged and offered evidence tending to prove City's employees were guilty of negligent acts while performing lawful duties, and the negligent acts were the proximate cause of her damages. Subject to the limitations and exceptions specified in the Act, City may be held liable for damages, in cases where a private person or entity would be liable under Oklahoma law. In *Morain v. City of Norman*, 863 P.2d 1246 (Okl.1993), an action brought under the Act, the Court held a city may be liable for damages caused by a nuisance it created regardless of the fact it was exercising a governmental function. In *Morain*, the Court did not allow recovery because the city did not create the nuisance. The *Morain* Court also held a city was not liable for its alleged failure to improve a drainage system because that is a discretionary decision and exempt from liability under 51 O.S.1991 § 155, subd. 50. This proposition is rejected.

■ Cunningham counter-appeals and contends the court erred in failing to allow

her attorney fees. She cites 12 O.S.1991 § 940. However, Cunningham's judgment exceeds the maximum allowed by 51 O.S.1991 § 154, subd. A(1), which provides:

> A. The total liability of the state and its political subdivisions on claims within the scope of this act, Section 151 et seq. of this title, arising out of an accident or occurrence happening after the effective date of this act, Section 151 et seq. shall not exceed:

> 1. Twenty-five Thousand Dollars ($25,-000.00) for any claim or to any claimant who has more than one claim for loss of property arising out of a single act, accident, or occurrence;

Cunningham's total recovery from City may not exceed $25,000.00. It is not necessary to consider § 940 because she may not recover attorney fees that would cause the total liability of City to exceed the statutory maximum. The cases she cites involved a total, including attorney fees, which did not exceed the applicable statutory limits of the Act, and are not in point.

Cunningham contends she is entitled to recover under 51 O.S.1991 § 151(A)(1) *and* 51 O.S.1991 § 151(A)(2) which fixes a higher limit, as follows:

> 2. One Hundred Thousand Dollars ($100,-000.00) to any claimant for his claim for any other loss arising out of a single act, accident or occurrence. . . .

She contends she is entitled to recover attorney fees under the "any other loss" portion of § 151(A)(2). Her recovery for the sewage incident is governed by § 151(A)(1) as it results from a property loss. She may not combine it with an inapplicable statute to recover attorney fees. Cunningham also requests attorney fees on appeal which are denied.

The judgment contains a defect because it exceeds the statutory limit. Insofar as the judgment exceeds $25,000.00, it is reversed. Otherwise, it is affirmed. On remand, the court shall vacate the existing judgment, and enter a new one for $25,000.00.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

JONES, P.J. and ADAMS, V.C.J., concur.