1998 OK 64

**Mark TRUELOCK and Andrea Truelock, Plaintiffs–Appellees–Counter–Appellants,**

v.

**CITY OF DEL CITY, Defendant–Appellant–Counter–Appellee.**

No. 87875.

Supreme Court of Oklahoma.

June 30, 1998.

Rehearing Denied Sept. 14, 1998.

Randall J. Wood, Oklahoma City, for Appellees–Counter–Appellants.

David A. Davis, Oklahoma City, for Appellant–Counter–Appellee.

WATT, Justice.

### FACTS AND PROCEDURAL BACKGROUND

¶ 1 On April 20, 1992 plaintiff, Mark Truelock, filed a notice of tort claim with the City of Del City alleging damage to a house he owned in Del City. Mark Truelock alleged in his claim that the damage had occurred on April 16, and 17, 1992 because "rain water backs up due to improper maintenance of utility ease[ment]." Between May 5, 1992, and July 5, 1995, Mark Truelock filed 15 additional notices of tort claim with Del City claiming additional damages to the house from flooding, and from discharge of raw sewage from sanitary sewer lines caused by surface water. Mark Truelock, and his wife, Andrea Truelock, sued Del City for damages on January 13, 1993. The case was tried to a jury from May 20 through May 23, 1996.

¶ 2 Mark Truelock moved into the house in 1978 and he and his family moved out in the spring of 1990 because the property "flooded all the time." They moved into a rent house located two doors from their own home. Mark Truelock testified on deposition that the home had flooded "Half a dozen, dozen times a year" since the late 1980s. Water got into the house "almost 50 percent of the time it rained." At trial, Mark Truelock admitted on cross examination that when he moved out of the house in 1990 "the property was uninhabitable for [his] family." In this connection, photographs of the property taken in July 1992 reveal that much of the sheet rock in the house had been removed because of water damage. The house is located at the lowest point on the street.

¶ 3 The trial court instructed the jury that the statute of limitations barred any damages the Truelock's sustained prior to April 16, 1992, which was the date of the first loss for which the Truelocks sought damages from Del City. The trial court rejected the Truelocks' contention that Del City was equi-

tably estopped from relying on the statute of limitations as a defense to their damages occurring before April 16, 1992. The Truelocks claimed Del City representatives had promised that Del City would fix the flooding problems, but the trial court rejected the Truelocks' argument on the ground that 51 O.S.Supp.1995 § 157 states that "settlement negotiations" do not extend the time limits imposed by the Governmental Tort Claims Act for making and denying claims "unless agreed to in writing by the claimant and the state or political subdivision."

¶ 4 The Court of Civil Appeals held that the Truelocks were not entitled to recover damages for inconvenience, annoyance, and discomfort because such damages were in the nature of property damages, not personal injury damages, and the Truelocks had already recovered the $25,000.00 maximum allowed by law for property damages. The Court of Civil Appeals also reversed the trial court's award of attorneys' fees to the Truelocks.

¶ 5 On certiorari to this Court the Truelocks raise three issues:

I Was the verdict and judgment for inconvenience, annoyance, and discomfort a claim "for loss of property" or one "for any other loss" under 51 O.S.Supp.1994 § 154.A?

II Are the Truelocks entitled to attorneys' fees?

III Does the fact that the Truelocks filed multiple claims under the Governmental Tort Claims Act entitle them to recover more than the $25,000.00 "for loss of property arising out of a single act" provided for in 51 O.S.Supp.1994 § 154.A.1?

 ¶ 6 Del City did not seek certiorari with respect to any of the issues the Court of Civil Appeals resolved against it, and the

Truelocks did not seek certiorari with respect to certain rulings the Court of Civil Appeals made that were adverse to them. We decline to revisit those issues here. We generally will not consider any issue that the Court of Civil Appeals decided adversely to any party, even the prevailing party in the Court of Civil Appeals, if that issue is not addressed on certiorari. Rules 3.14 and 3.15, 12 O.S.1991, Ch. 15, App. 3, *Nichols v. Mid-Continent Pipe Line Company,* 1996 OK 118 ¶ 23, 933 P.2d 272.

¶ 7 There is a fourth issue that the Court of Civil Appeals did not decide because it was not necessary to do so under its view of the case. We must do so now, however, because of our holding that the Truelocks' inconvenience, annoyance, and discomfort damages are in the nature of personal injury:

IV Could the fact that the Truelocks were not living in the house defeat their claim for inconvenience, annoyance, and discomfort under the facts of this appeal?

### DISCUSSION

### I.

THE TRUELOCKS VERDICT AND JUDGMENT FOR INCONVENIENCE, ANNOYANCE, AND DISCOMFORT WAS A CLAIM "FOR ANY OTHER LOSS" AND SUBJECT TO THE $100,000.00 LIMITATION UNDER 51 O.S.SUPP.1994 § 154.A.2

¶ 8 This is an issue of first impression. We have, on several occasions, allowed recovery for inconvenience, annoyance, and discomfort in suits for nuisance but have not previously addressed whether such damages were property damage or were damages for other losses under § 154 of the Governmental Tort Claims Act.[1]

---

1. Title 51 O.S.Supp.1994 § 154 of the Governmental Tort Claims Act states in material part:

 A. The total liability of the state and its political subdivisions on claims within the scope of this act, Section 151 et seq. of this title, arising out of an accident or occurrence happening after the effective date of this act, Section 151 et seq. of this title, shall not exceed:

 1. Twenty-five Thousand Dollars ($25,-000.00) for any claim or to any claimant who has more than one claim for loss of property arising out of a single act, accident or occurrence;

 2. One Hundred Thousand Dollar ($100,-000.00) to any claimant for his claim for any other loss arising out of a single act, accident or occurrence....

¶ 9 For the reasons discussed here we hold that damages for inconvenience, annoyance, and discomfort arising out of a nuisance claim are not damages for "any loss of property," but are damages "for any other loss" under 51 O.S.Supp.1994 § 154.A. such damages are, therefore, subject to § 154's $100,000.00 limitation, not its $25,000.00 limitation. Del City urged, and the Court of Civil Appeals held, that damages for inconvenience, annoyance, and discomfort are in the nature of damages to property and, therefore subject to the $25,000.00 limitation in § 154.-A.1 of the Governmental Tort Claims Act. We disagree, and expressly disapprove the contrary conclusion expressed by the Court of Civil Appeals in *Cunningham v. City of Ardmore,* 1996 OK CIV APP 102 ¶ 7, 930 P.2d 828.

¶ 10 This Court made clear that damages for inconvenience, annoyance, and discomfort are injuries to the person and not to property in *Oklahoma City v. Tytenicz,* 1935 OK ——, 171 Okla. 519, 43 P.2d 747, 748–49. There we held that "the cause of action for personal inconvenience, annoyance, and discomfort is for injury to the person. . . ."

¶ 11 In *Oklahoma City v. Eylar,* 1936 OK ——, 177 Okla. 616, 61 P.2d 649, 651, we held, "the weight of authority . . . supports the view that damages for inconvenience, annoyance, and discomfort are separate, distinct, and independent [from damages for depreciation of rental value of property] elements of damage."

¶ 12 We followed *Eylar* in *City of Holdenville v. Kiser,* 1937 OK ——, 179 Okla. 216, 64 P.2d 1223, 1225. There we held that parties asserting a claim for injury for inconvenience, annoyance, and. discomfort stated a cause of action "for injury to their persons," separate from one for damage to property.

¶ 13 In *Phillips Petroleum Co. v. Ruble,* 1942 OK ——, 191 Okla. 37, 126 P.2d 526, 527, we rejected the defendant's contention

. . .

The amendments to § 154 occurring after the relevant dates in this appeal do not affect our interpretation of its terms.

**2.** Title 12 O.S.1991 § 940 states in material part:

that injuries for inconvenience, annoyance, and discomfort were property damages rather than damages for personal injuries. There we said that we could not "change an injury to the person into one to property by so denominating it." We reached the same conclusion in *Town of Braggs v. Slape,* 1952 OK ——, 207 Okla. 420, 250 P.2d 214, and *City of Cordell v. Lowe,* 1963 OK ——, 389 P.2d 103, 107.

¶ 14 *Tytenicz, Eylar, Kiser, Slape,* and *Lowe,* make inescapable the conclusion that the cause of action for inconvenience, annoyance, and discomfort is one for personal injury and is separate and distinct than the cause of action for damages to property, although the right to both may arise in a suit for nuisance. We hold, therefore, that a claim for inconvenience, annoyance, and discomfort under § 154 of the Governmental Tort Claims Act is governed by the $100,000.00 limitation for "other loss" rather than by the $25,000.00 limitation for "loss of property."

## II.

### THE TRUELOCKS WERE NOT ENTITLED TO AN ATTORNEYS' FEE

¶ 15 The trial court awarded the Truelocks an attorneys' fee for $23,000.00 under 12 O.S.1991 § 940.[2] Subsection A of § 940 allows attorneys' fees only in actions to recover "damages for willful or negligent injury to *property.*" [Emphasis added.] Section 154 of the Governmental Tort Claims Act allows claimants a maximum recovery of $25,000.00 for "loss of property," note 1. The Truelocks received judgment for $25,-000.00 for loss of property before attorneys' fees. The question is whether the fact that the Truelocks recovered the $25,000.00 maximum· allowed by the Governmental Tort Claims Act for property damages precluded them from recovering an attorneys' fee in addition to the $25,000.00.

A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as costs of the action.

¶ 16 We held in *Rout v. Crescent Public Works Authority,* 1994 OK 85, 878 P.2d 1045, that attorneys' fees in a Governmental Tort Claims Act action under § 940 are awardable as part of the damages for wilful or negligent injury to property. This does not end the inquiry, however. Our holding in *Huff v. State,* 1988 OK 118, 764 P.2d 183, requires us to reject the Truelocks' claim for an attorneys' fee. There, we held that pre-judgment interest, which must be added to personal injury verdicts under the terms of 12 O.S. 1991 § 727, could not be added to the $100,000.00 maximum recovery allowed under § 154 of the Governmental Tort Claims Act in a wrongful death action. We held that adding pre-judgment interest to the Governmental Tort Claims Act's mandated maximum of $100,000.00 would constitute "judicial enlargement of the State's maximum liability for tort." *Huff* at ¶ 11. We can see no distinguishing characteristics between attorneys' fees to the prevailing party in property damage cases under 12 O.S. § 940 here and pre-judgment interest under 12 O.S. § 727 in *Huff.* In either instance adding an additional recovery to the Governmental Tort Claims Act's maximum would "impermissibly exceed the statutory limit on total recovery against the State." *Huff* at ¶ 12.

¶ 17 The dissent's position that attorneys' fees arising out of 12 O.S. § 940 in suits for property damages somehow do not count against § 154's $25,000.00 cap on property damages is not supported by the clear language of the Governmental Tort Claims Act. The Governmental Tort Claims Act expressly preserves sovereign immunity and waives that immunity "only to the extent and in the manner provided in this act." 51 O.S.1991 § 152.1. That attorneys' fees under 12 O.S. § 940 are not part of the tort damages is immaterial because the $25,000.00 cap imposed by 51 O.S. 152.1 is not limited to tort damages. Instead a dollar amount, $25,000.00, is the maximum amount payable "for any claim ... for loss of property *arising out of*" a single act. [Emphasis added.]

¶ 18 The dissent's reliance on *Rout v. Crescent Public Works Authority,* 1994 OK 85, 878 P.2d 1045 for the proposition that a plaintiff is entitled to attorneys' fees under § 940, although their damages exceed the cap imposed by the Governmental Tort Claims Act, is misplaced. There we expressly stated:

> We need not decide in this case whether an award of attorney's fees and costs under 12 O.S.1991 § 940 ... constitutes a recovery subject to the monetary limits of the Governmental Tort Claims Act, 51 O.S. § 154....

*Rout* at Note 30. Similarly, this issue was not addressed in any of our other decisions cited in the dissent, other than *Huff,* which supports our conclusion that any claim "arising out of" a negligent act is limited to the amounts called for in the Governmental Tort Claims Act, regardless of the nature of the claim.[3]

¶ 19 The Truelock's claim for attorneys' fees under § 940 was part of their "claim ... arising out of" Del City's negligence. The Governmental Tort Claims Act clearly and unambiguously limits liability for claims "arising out of" property damage to $25,000.00, not $25,000.00 plus attorneys' fees. If we were to interpret the Act otherwise we would be engaging in judicial legislation, which would subvert the clear intent of the Legislature.

■ ¶ 20 Neither may the Truelocks rely on their $42,800.00 recovery for inconvenience, annoyance, and discomfort to support their attorneys' fee claim. Only because their inconvenience, annoyance, and discomfort recovery was in the nature of a personal injury award, and not one for property damage, were the Truelocks able to avoid the $25,000.00 maximum that § 154 of the Governmental Tort Claims Act places on property damage awards. Unlike a property damage award, a personal injury award does not carry with it a right to attorneys' fees. The Truelocks will not be heard to say that their inconvenience, annoyance, and discomfort re-

---

**3.** There is no equal protection issue present in this appeal. No equal protection issue could arise unless a governmental agency was the prevailing party in a property damage dispute and sought attorneys' fees under § 940 for more than the $25,000.00 cap set on such claims by the Governmental Tort Claims Act.

covery is for both property damages and personal injury.

¶ 21 The Truelocks' reliance on *Schaeffer v. Schaeffer*, 1987 OK 30, 743 P.2d 1038, *Briscoe v. Harper Oil*, 1985 OK 43, 702 P.2d 33, and *Thompson v. Andover Oil Co.*, 1984 OK CIV APP ——, 691 P.2d 77, is misplaced. In none of those cases was the Governmental Tort Claims Act involved, and in each the nuisance for which plaintiff recovered damages included both damages for injury to property, and for inconvenience, annoyance, and discomfort. Because the Governmental Tort Claims Act was not involved in those cases we were not required to distinguish between the property damage increment and the inconvenience, annoyance, and discomfort increment of the plaintiffs' recovery. Thus, attorneys' fees were clearly proper in each case, and none of them are pertinent to our inquiry here.

¶ 22 Attorneys' fees under 12 O.S.1991 § 940 are available only to prevailing parties in actions for the "negligent or willful injury to property." In *Woods Petroleum v. Delhi Gas Pipeline Corp.*, 1984 OK 94 ¶ 13, 700 P.2d 1011, we reversed an attorneys' fee award under § 940 in an action for damages for the mis-measurement of gas taken from a gas well. We held that the plaintiff's cause of action was not for negligent or willful injury to property and that "attorney fees recoverable under the provisions of 12 O.S.Supp.1979 § 940 by the prevailing party contemplate only those actions for damages for the negligent or willful physical injury to property." The Truelocks may not recover attorneys' fees under § 940. They would be entitled to § 940 attorneys' fees only because of their successful prosecution of their property damage claim and they have already been awarded the maximum, $25,000.00, allowed for property damage by § 154 of the Governmental Tort Claims Act.

¶ 23 Del City is, therefore, relieved of any further liability to the Truelocks for property damages, including attorneys' fees arising from the Truelocks successful prosecution of their property damage claim. The Truelocks verdict for inconvenience, annoyance, and discomfort did not carry with it a right to attorneys' fees.

¶ 24 Because of our holding that the Truelocks were not entitled to attorneys' fees in the trial court we deny their application for appeal related attorneys' fees.

## III.

THE FACT THAT THE TRUELOCKS FILED MULTIPLE CLAIMS UNDER THE GOVERNMENTAL TORT CLAIMS ACT DOES NOT ENTITLE THEM TO RECOVER MORE THAN $25,000.00 "FOR LOSS OF PROPERTY ARISING OUT OF A SINGLE ACT" PROVIDED FOR IN 51 O.S.SUPP.1994 § 154.A.1?

¶ 25 The Truelocks claim, without citation of authority beyond § 154 of the Governmental Tort Claims Act, that their attorneys' fee award should not be limited by the $25,000.00 limitation of § 154 of the Governmental Tort Claims Act. The Truelocks base their claim on the fact that they filed 16 claims against Del City between April 1992 and July 1995. If carried to its logical conclusion, the Truelocks theory would have allowed them to recover $400,000.00, 16 times $25,000.00, on their property damage claims alone. We need not decide whether § 154 is susceptible of such a generous interpretation. We hold that the Truelocks waived any right to claim a multiple of the § 154 damage limitation when they failed to except to the trial court's jury Instruction Number 16 and the verdict forms. Instruction Number 16 read:

> You are instructed that the City of Del City is not liable for any amounts in excess of $25,000 for any claim for loss of property.

> You are further instructed that the City of Del City is not liable for any amount in excess of $100,000 for other damages.

¶ 26 The trial court made it clear to the jury that the Truelocks' could recover a maximum of $25,000.00 when it submitted a form of plaintiff's verdict that expressly limited the amount the jury could award to $25,000.00 for property damages, and $100,000.00 for inconvenience, annoyance, and discomfort. The form stated that any award for

property damage was "not to exceed $25,000" and any claim for "annoyance and discomfort" was "not to exceed $100,000." The Truelocks did not object to the verdict forms.

¶ 27 We find unconvincing the Truelocks' contention that, although they acquiesced in the trial court's jury instruction and form of verdict limiting their property damage recovery to $25,000.00, they somehow were entitled to recover attorneys' fees over and above that amount. The record clearly reflects that the Truelocks made no such contention during the trial. Under these circumstances, any such claim on appeal comes too late. Where no exceptions to instructions is saved in the trial court "the error, if any, is waived and will not be considered by this court on appeal." *Missouri–Kansas–Texas Railroad Company v. French*, 1962 OK ——, 368 P.2d 652, 654. We hold, therefore, that the $25,000.00 verdict the Truelocks received for property damage carried with it no right to attorneys' fees because $25,000.00 was the maximum allowed by law.

### IV.

### THE FACT THAT THE TRUELOCKS WERE NOT LIVING IN THE HOUSE DID NOT DEFEAT THEIR CLAIM FOR INCONVENIENCE, ANNOYANCE, AND DISCOMFORT

¶ 28 It is undisputed that the Truelocks had not lived in their house since 1990. The record also shows, however, that the reason they moved was that constant flooding and sewage overflows made the house uninhabitable, and that they moved to a house they rented only two doors from the house at issue here. Del City claims the fact that the Truelocks were not living in the house means they were not "occupants" of the property. We disagree.

¶ 29 In support of its contention that the Truelocks had to be living in the house in order to recover inconvenience, annoyance, and discomfort damages, Del City relies on *Conkin v. Ruth*, 1976 OK CIV APP 57, 581 P.2d 923; *Midwest City v. Eckroat*, 1963 OK ——, 387 P.2d 123; *City of Shawnee v. Bryant*, 1957 OK ——, 310 P.2d 754; *City of*

*Bethany v. Twin Lakes Gun Club*, 1951 OK ——, 205 Okla. 154, 236 P.2d 255; and *Oklahoma City v. McAllister*, 1935 OK ——, 174 Okla. 208, 50 P.2d 361 (overruled on other grounds *Oklahoma City v. Eylar*, 1936 OK ——, 177 Okla. 616, 61 P.2d 649, 653). We find these cases unpersuasive because in none of them did we consider whether residency was a necessary increment of a cause of action for inconvenience, annoyance, and discomfort.

¶ 30 In *Nichols v. Mid–Continent Pipe Line Company*, 1996 OK 118 ¶ 11, 933 P.2d 272, we allowed a recovery for inconvenience, annoyance, and discomfort, although neither the plaintiff nor his family lived on the land involved. We held that plaintiff's inconvenience, annoyance, and discomfort damages were incidental to the defendant's "interference with the [plaintiff's] possessory interest in land." We hold, therefore, that the record supports the Truelocks claim that they "occupied" the house to the extent necessary to entitle them to inconvenience, annoyance, and discomfort damages.

### V.

### RELIANCE ON *MORAIN v. CITY OF NORMAN* IS MISPLACED

¶ 31 We disagree with the City's assertion that Del City is entitled to an attorneys' fee. In *Morain v. City of Norman*, 1993 OK 149, 863 P.2d 1246, we held that a municipality is not responsible under the Governmental Tort Claims Act for failure to make improvements to an existing drainage system.

¶ 32 The applicability of *Morain* was thoroughly briefed by the parties, and the Court of Civil Appeals expressly rejected Del City's argument that *Morain* applies. The trial court determined that *Morain* was not controlling when it submitted the question of Del City's liability to the jury. The trial court and the Court of Civil Appeals were correct on this score.

¶ 33 The Truelocks based their claim against Del City on its failure to *maintain* the easement, not on its failure to make improvements. The record supports the Truelocks claim that Del City failed to main-

tain the sewer line it installed in the easement. There was evidence from which the jury could have found that Del City constructed a concrete wall along the west side of the easement to improve drainage, that Del City historically kept the easement area dredged and dug out below street level, mowed, and free of debris, but that the condition of the drainage easement and the of sewer system in the neighborhood declined through lack of maintenance. *Morain* is clearly inapplicable to the facts of this appeal and the trial court and the Court of Civil Appeals correctly so held.

## CONCLUSION

¶ 34 The judgment for the Truelocks on the jury's $25,000.00 verdict for property damage, and $42,800.00 for inconvenience, annoyance, and discomfort is affirmed. The $23,000.00 attorneys' fees the trial court awarded to the Truelocks under 12 O.S.1991 § 940 is reversed because allowing such fees would cause the property damage award to exceed the $25,000.00 maximum imposed by the Governmental Tort Claims Act. The Truelocks application for appeal related attorneys' fees is denied for the same reason.

CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS OPINION VACATED, JUDGMENT OF THE TRIAL COURT AFFIRMED IN PART AND REVERSED IN PART, THE

1. Title 51 O.S.Supp.1994 § 154 provides in pertinent part:

 "A. The total liability of the state and its political subdivisions on claims within the scope of this act. Section 151 et seq. of this title, arising out of an accident or occurrence happening after the effective date of this act. Section 151 et seq. of this title, shall not exceed:
 1. Twenty-five Thousand Dollars ($25,000.00) for any claim or to any claimant who has more than one claim for loss of property arising out of a single act, accident, or occurrence;
 2. One Hundred Thousand Dollars ($100,-000.00) to any claimant for his claim for any other loss arising out of a single act, accident, or occurrence....
 3. One Million Dollars ($1,000,000.00) for any number of claims arising out of a single occurrence or accident...."

2. *Rout v. Crescent Public Works Auth.*, 1994 OK 85, 878 P.2d 1045, 1050, footnote # 21 provides in pertinent part:

TRUELOCKS' APPLICATION FOR APPEAL RELATED ATTORNEYS' FEES DENIED

¶ 35 SUMMERS, V.C.J., HODGES, LAVENDER, OPALA, and WATT, JJ.—concur.

¶ 36 WILSON, J.—concurs in part; dissents in part.

¶ 37 KAUGER, C.J., SIMMS, and HARGRAVE, JJ.—dissent.

¶ 1 KAUGER, C.J., dissenting:

¶ 2 I join Justice Simms' dissent to the extent that he disagrees with the majority's holding that the plaintiff in a governmental tort claims action may not recover attorneys' fees in excess of the monetary limits imposed by 51 O.S.Supp.1994 § 154.[1] I write separately to emphasize that although the Court acknowledged in *Rout v. Crescent Public Works Auth.*, 1994 OK 85, 878 P.2d 1045, 1050, that the Governmental Tort Claims Act [Act], 51 O.S.1991 § 151 *et seq.* contains limits on the government's total liability,[2] the issue of whether an award of attorney's fees and costs under 12 O.S.1991 § 940[3] constituted a recovery subject to the monetary limits of the Act was not presented.[4]

¶ 3 Art. 2, § 6 of the Oklahoma Constitu-

"... The Act adopts the doctrine of sovereign immunity, allows liability only under certain circumstances, and then limits the total amount of liability...."

3. Title 12 O.S.1991 § 940 provides in pertinent part:

 "A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action...."

4. *Rout v. Crescent Public Works Auth.*, see note 2 at 1051, supra, footnote # 30 provides in pertinent part:

 "We need not decide in this case whether an award of attorney's fees and costs under 12 O.S.1991 § 940 ... constitutes a recovery subject to the monetary limits of the Governmental Tort Claims Act. 51 O.S.1991 § 154 ..."

tion[5] requires that courts be open to all on the same terms without prejudice. The framers of the Constitution intended that all individuals be allowed to pursue an effective remedy designed to protect basic and fundamental rights.[6] The constitutional guarantee of equal access to courts is not an empty formality or an inconsequential right which can be avoided or ignored.[7]

¶4 In *Professional Credit Collections v. Smith,* 1997 OK 19, 933 P.2d 307, 311, this Court held that a statute violated equal access to the courts when it treated—for attorneys' fees purposes—a victorious plaintiff differently from a successful defendant.[8] The majority recognizes[9] that a situation might arise under which a governmental entity would seek attorneys' fees under 12 O.S.1991 § 940[10] in excess of the $25,000 cap imposed by 51 O.S.Supp.1991 § 154(A)(1).[11] Failure to allow an injured plaintiff to collect an attorneys' fee under the same circumstances under which the government could prevail is a violation of the constitutional guarantees afforded by art. 2, § 6. I dissent.

SIMMS, J., dissenting:

¶1 I must respectfully dissent from the majority opinion insofar as it holds that the Truelocks are precluded from recovering attorney's fees in addition to their $25,000 property damage award. I believe the Court's decision is erroneous and I fear it will cause significant and unwarranted hardships to deserving parties who have been injured by governmental negligence through no fault of their own.

¶2 The issue is not so simple and uncomplicated as the Court dismissively finds it to be. *Huff v. State,* 1988 OK 1998, 764 P.2d

183, is not controlling here and, in my opinion, the Court's reliance on it as exclusively determinative of the question is misplaced. Contrary to the majority's view, among other factors there are substantial "distinguishing characteristics" between attorney fees awarded to a prevailing party under 12 O.S. § 940 in property damage cases, and prejudgment interest under 12 O.S. § 727.

¶3 Prejudgment interest is an element of damages which must be added to other damages in calculating the total liability of a losing party, whereas in this context attorney's fees are not damages but costs, and a different question is presented as to whether an award of costs and attorney's fees should be part of the recovery subject to the statutory cap. *Huff,* at 188. See also *Fleet v. Sanguine,* 854 P.2d 892, 899 (Okl.1993); 2A. *Sedgwick & G. Van Nest, Sedgwick on Damages 157–158 (7th ed 1880); see generally Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Lienhard v. Minnesota,* 431 N.W.2d 861 (Minn.1988); *Austin v. Tennessee,* 831 S.W.2d 789 (Tenn.Ct.App. 1991).

¶4 Most importantly, the Court overlooks its own cases on point which must be considered in this decision of whether attorney fees should be part of the "total recovery" subject to the statutory cap. As discussed below, these decisions require a ruling in favor of the Truelocks as a matter of constitutional law.

¶5 This Court has addressed the issue of the award of "reasonable" attorney's fees to a prevailing party pursuant to § 940 in an action for damage to property brought under the Governmental Tort Claims Act. In *Rout v. Crescent Public Works Authority,* 878 P.2d

---

5. The Okla. Const. art. 2, § 6 provides:
 "The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

6. *Woody v. State ex rel. Dept. of Corrections,* 1992 OK 45, 833 P.2d 257, 260; *Moses v. Hoebel,* 1982 OK 26, 646 P.2d 601, 605.

7. *Woody v. State ex rel. Dept. of Corrections,* see note 6, supra.

8. See also, *Thayer v. Phillips Petroleum Co.,* 1980 OK 45, 613 P.2d 1041, 1045; *Chicago, R. I. & P. Ry. Co. v. Mashore,* 1908 OK ——, 21 Okla. 275, 96 P. 630, 633.

9. See, footnote # 3, majority opinion.

10. Title 12 O.S.1991 § 940, see note 3, supra.

11. Title 51 O.S.Supp. 1994 § 154(A)(1), see note 1, supra.

1045 (Okl.1994), a case of first impression, the Authority, a governmental subdivision, prevailed on its motion for summary judgment and was awarded costs and attorney's fees against the plaintiff, a private individual in the amount of $12,316.64. This Court affirmed the judgment against the individual plaintiff. Answering the challenges the plaintiff urged against having to pay the Authority's attorney's fees under 12 § 940, this Court found that there was no inconsistency between 12 § 940, which expressly provides for attorney's fees, and the Governmental Tort Claims Act, which does not speak to an award for either party. The Court observed that while the language of the GTCA is silent regarding costs and attorney's fees, the Act provides that liability is further governed by § 164, which states:

"The laws and statutes of the State of Oklahoma and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma insofar as applicable and to the extent that such rules are not inconsistent with the provisions of this act, shall apply to and govern all actions brought under the provisions of this act."

¶ 6 In *Rout*, the Court did not directly address the question of whether a private party could collect attorney's fees from a governmental subdivision, however, we expressly noted that there is "nothing in the Act which suggests that had Rout prevailed.... [he] would not have been able to collect attorney's fees and costs from [the Authority]." At 1050. The Court also noted that it need not decide "whether an award of attorneys fees and costs under 12 O.S.1991, § 940 ... constitutes a recovery subject to the monetary limits of the Governmental Tort Claims Act".

¶ 7 Justice Wilson dissented in *Rout* based on her observation that by granting attorney's fees to a governmental body for its successful defense of an action brought by an individual for damages, the Court was creating a problem of unequal treatment for litigants. Justice Wilson predicted (correctly) that the *Rout* decision was certain to create disparate treatment of litigants if seriously injured private plaintiffs who prevailed in their actions would not be entitled to an award of attorneys fees because those fees were subject to the limits of the Tort Claims Act, but a governmental entity which prevailed could recover attorney's fees against that individual without limitation. The case which she predicted would appear, is before us today.

¶ 8 Two other decisions, *Allison v. City of El Reno,* 894 P.2d 1133 (Okl.App.1994) and *Professional Credit Collections v. Smith,* 933 P.2d 307 (Okl.1997) must be considered in determining whether the Truelocks should be precluded from receiving the attorney's fees awarded to them by the trial court by reason of the statutory limitation of the Act.

¶ 9 The question of a private individual's entitlement to a "reasonable" attorney's fee under the Act (absent considerations of a statutory cap) was answered in *Allison v. City of El Reno,* supra. Following the reasoning of the Supreme Court in *Rout,* the Court of Appeals, Division No. 4, concluded that private party plaintiffs who succeed against a governmental entity are entitled to § 940 attorneys' fees under § 164 of the GTCA. The Court of Appeals noted that there were no inconsistencies within the various statutory provisions and found that as the prevailing parties, plaintiffs were entitled to fees under 12 O.S.1991 § 940A as a result of the negligent injury to their property.

¶ 10 The Court stated:

"Our analysis inevitably leads us to the conclusion that those statutory remedies which are not specifically prohibited by the GTCA remain available, and therefore the City can be assessed with those statutory items of recovery, such as attorney's fees, that are not traditionally considered damages, if the prevailing party is otherwise so entitled."

¶ 11 In *Professional Credit Collections v. Smith,* supra, a defendant who was successful in vacating a default judgment entered against her was held by this Court to be the prevailing party and entitled to attorney's fees. Reversing the trial court's denial of her fee request, this Court held that she was additionally entitled to attorney's fees because a ruling to the contrary would uncon-

stitutionally deny her equal protection of the laws. The Court pointed out that if the plaintiff had prevailed and defeated her vacation quest, it would have been entitled to an attorney's fee, and the Court stated:

¶ 12 "A statute violates equal access to the courts when it treats—for attorney's fee purposes—the victorious plaintiff differently from a successful defendant.... Because equal protection demands like treatment, [defendant] also is entitled to the same benefit. In her counsel-fee quest [defendant] must be viewed as standing on a footing equal with [plaintiff]."

*See also Thayer v. Phillips Petroleum Company,* 613 P.2d 1041, 1045 (1980); *Chicago, R. I. & P. Ry. Co. v. Mashore,* 21 Okl. 275, 96 P. 630, 633 (1908).

In the instant case, the majority's resolution creates the constitutionally intolerable disparity between the treatment afforded these litigants which was predicted by Justice Wilson's dissent in *Rout.* Although the Truelocks are the prevailing parties, they are not entitled to an award of their attorney's fees because it would exceed the statutory cap, whereas, if the City of Del City had prevailed in its defense of the Truelock's property damage claim, it could have collected unlimited attorney's fees from the Truelocks. This unequal treatment is obviously violative the rights of litigants to equal protection of the law and denies the Truelocks equal access to the courts assured by *Professional Credit Collections v. Smith, supra,* and I dissent.

¶ 13 I am authorized to state that Chief Justice Kauger joins in part and Justice Wilson joins in the views expressed herein.