STATE ex rel. BRETT, Co. Atty., v. NORTH AMERICAN LIFE INS. CO. OF CHICAGO, ILL.

Nos. 32686-32699.   Dec. 19, 1950.

*225 P. 2d 796.*

---

Rutherford Brett and Gerald S. Tebbe, both of Oklahoma City, and Alvin C. Bruce, Co. Atty., of Carter County, of Ardmore, for plaintiff in error.

A. K. Little and L. D. Hoyt, both of Oklahoma City, for defendant in error.

PER CURIAM. There are here presented for our consideration fourteen separate and distinct appeals between the same parties all raising the same questions, being numbers 32686 to 32699, inclusive.

The appeals are taken from an order of the trial court dismissing the cases.

The cases are briefed together and will be here considered together and all disposed of in this opinion.

The actions are brought by the State of Oklahoma on the relation of Rutherford Brett, county attorney of Carter county, against North American Life Insurance Company to recover the statutory penalty provided for violation of the statute, Act of 1937, 18 O.S. 1941 §§86 to 86h, forbidding any corporation holding land acquired under mortgage foreclosure, and in other ways as hereinafter mentioned, for more than seven years.

Section 86, supra, forbids any corporation taking title to or holding any real estate located outside of incorporated cities or towns except such as is necessary for the transaction of business for which it is chartered or licensed except real estate acquired upon the foreclosure of mortgages and in collection of debts due the corporation.

Section 86b provides that every corporation owning any real estate outside of any incorporated city or town taken upon foreclosure of mortgage or in collection of debts due to the corporation shall be sold and disposed of by it within seven years from the date of the acquisition thereof.

Section 86d in part provides:

" . . . every corporation taking title to, or holding real estate . . . in violation of Sections 1, 2, 3 and 4 of this act (Sections 86-86c) shall be subject . . . to the following penalties, based on the assessed value of such real estate fixed for the purpose of levying the ad valorem taxes which last became due and payable preceding the date of the accrual of any such penalty for each year or fraction thereof during which said real estate is held in violation of this Act, as follows: to-wit: For the first year, one per centum (1%) of the assessed value; second year, two per centum (2%) thereof; third year, three per centum (3%) thereof; fourth year, four per centum (4%) thereof; fifth year, five per centum (5%) thereof; sixth year, six per centum (6%) thereof; and each year thereafter, six per centum (6%) of the assessed value. . . ."

This section further provides that land wrongfully held shall be subject to a lien to secure the payment of accrued penalties.

Section 86f provides that the county attorney shall notify the corporation wrongfully holding the land that it is subject to the penalty provided by the

Act for such wrongful holding and that the same must be paid to the county attorney within 30 days from the date of said notice, and in the event that the penalty is not paid within 30 days from the date of notification he will institute an action in the name of the State of Oklahoma for the recovery of the penalty with interest thereon at the rate of 10 per cent from the date when said penalty should have been received under the terms of the notice, for all costs of the action and further judgment establishing and foreclosing the lien created by statute.

Section 86g provides:

"If, upon the trial of said action, the State shall prevail, judgment shall be entered for the State and against the corporation for the amount of penalty for which said corporation is found to be liable, together with interest thereon at the rate of ten per cent (10%) per annum from the date when same should have been received under the notice hereinbefore prescribed, and for all costs of the action, which shall include a fee for the County Attorney in a sum equal to twenty-five per cent (25%) of the penalty recovered, and which fee shall in no event be less than One Hundred Dollars ($100.00). If the real estate held in violation of the provisions of this Act had not been disposed of at the time of the commencement of said action, and if the establishment and foreclosure of a lien upon the real estate was requested in the petition a further judgment determining said penalties, interest and costs to be a lien upon said real estate and ordering said lien foreclosed, shall be entered."

The county attorney served upon defendant the notice provided by statute and it failed to pay the statutory penalty mentioned in the notice within the time prescribed therein.

The county attorney filed sixteen separate suits in the district court of Carter county, the fourteen here involved and two others, alleging that the defendant had violated the law by failing to sell within seven years from its acquisition a 170-acre farm tract which was assessed on the tax rolls in two separate tracts, a 20-acre tract assessed at the value of $140 and a 150-acre tract assessed at the value of $1,180.

Eight separate and distinct suits were filed as to each tract. The first suit was for the recovery of penalty accumulating the first year the land was wrongfully held, the second for the second year, and suits for recovery of the penalty for each of the six years thereafter and, in each of said suits, he prays for $100 attorney fee, the minimum provided by statute and for foreclosure of the statutory lien.

Defendant filed motions to dismiss all the cases as to each tract except as to the case first filed on the ground that plaintiff by filing separate suits had split into eight separate and distinct causes of action what actually constituted but a single cause of action in which all the penalties accruing as to each tract throughout the eight years could have been recovered.

The trial court sustained the motions and dismissed the cases and ordered the county attorney to amend the petition first filed as to each tract so as to recover in such suits all the penalties which had then accrued and accumulated during the entire eight years.

Plaintiff appeals from these orders and contends that the penalties accruing for each year constituted a separate and distinct cause of action and that separate suits could therefore be maintained for the recovery of each year's penalty. We do not agree.

Under the statute it was the duty of the defendant to sell the land acquired by it within seven years after the date of its acquisition. It failed to perform this duty and plaintiff's cause of action arises because of defendant's violation of this duty and not because of its failure to pay the penalties. The violation of this duty, however, constituted but a single violation. While the violation was continuous during all the time the land was wrongfully held, it nevertheless constituted but a single

violation. The holding over during each year did not constitute a new violation but rather a continuous violation. Plaintiff had a right to maintain an action to recover the penalties but since the violation of such duty constituted but a single violation he had but a single cause of action to recover all the penalties then due. He could not split such single cause of action into eight separate and distinct causes of action for the recovery of the penalty for each separate year as to each of such tracts and thus bring sixteen suits instead of two and recover an attorney fee of $100 in each separate suit or a total of $1,600. Under the statute he could only recover an attorney fee equal to 25 per cent of the total penalty recovered.

The general rule against splitting causes of action is that a single wrong gives rise to one cause of action and for which only one suit may be maintained to recover all damages which had then accrued because of the commission of such wrong, however numerous the element or items of damage resulting therefrom. 1 C.J.S. 1329, §104; Empire Oil & Refining Co. v. Chapman, 182 Okla. 639, 79 P. 2d 608, and cases therein cited.

The general rule as to actions brought on contracts is where several claims due and enforceable at different times arise out of one cause of action, separate actions may be brought as each liability accrues, but all of such claims as may be due at the time of bringing the action must be included in that action. 34 C. J. 838, §1247; Mid-Continent Life Ins. Co. v. Walker, 128 Okla. 75, 260 P. 1109.

In 1 C. J. S. 1310, §102, the rule is thus stated:

". . . Where several claims payable at different times arise out of the one cause of action, separate actions may be brought as each liability accrues, but where no action is brought until more than one is due, all that are due must be included in one action;

and if an action is brought to recover upon one or more that are due but not upon all that are due, a recovery in such action will be a bar to a second or other action brought either to recover one or more of the other claims that were due at the time the first action was brought or for other relief based on the default in payment of such claims. . . ."

In Metropolitan Life Insurance Co. v. Richter, 182 Okla. 446, 78 P. 2d 307, it is said:

"A contract providing for the payment of weekly benefits is divisible in its nature. The beneficiary under such contract may, if he sees fit, bring a separate action as each installment or weekly benefit becomes due. However, if no action is commenced until more than one of such installments or benefits is due, all installments that are then due must be included in the one action, and if an action is brought when more than one installment is due, a recovery in such action will be an effectual bar to a second suit to recover installments which were due at the inception of the first action and which were not included therein."

In the case of Jones v. Rochester Gas & Electric Co., 168 N. Y. 65, 60 N. E. 1044, in a suit brought for the recovery of penalties of $5 per day for refusal to furnish gas, the petition contained three separate and distinct causes of action and in each of such causes of action it was sought to recover penalties which had accrued during different periods. On motion of defendant the trial court dismissed the second and third causes of action. This ruling was sustained on appeal. The court held that but one cause of action could be maintained based on the original demand for gas. The court said:

". . . While the amount of the penalty would depend on the period during which the defendant's default should continue, still it was a single penalty for a default which was also single, though it might be continuous. The cause of action being single, was indivisible, and but one recovery therefor could be had. . . ."

In this case all the penalties as to each tract had accrued prior to the time these suits were filed. Plaintiff could maintain but one action for the recovery of all the penalties then due and which had accrued as to each tract. He could not split such cause of action into sixteen separate and distinct causes of action and thus bring sixteen suits, eight as to each tract, where two would have sufficed.

The trial court ruled correctly in sustaining the motions to dismiss.

The judgment in each of said cases is affirmed.