OKLAHOMA TRANSPORTATION COMPANY, Inc., a Corporation, and Transport Insurance Company of Dallas, Texas, a Corporation, and Roland J. Mays, Plaintiffs in Error,

v.

William T. GREEN, Administrator of the Estate of Jerry Green, Deceased, Defendant in Error.

No. 38407.

Supreme Court of Oklahoma.

Sept. 29, 1959.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiffs in error.

Hardin, Barton, Hardin & Garner, Ft. Smith, Ark., and Whit Pate, Poteau, for defendant in error.

BLACKBIRD, Justice.

This is an appeal in an action for damages arising out of a motor vehicle accident. The victim of the accident was Jerry Green (hereinafter called the deceased), the defendant in error's 16-year-old son, who died as a result of injuries he received when the 1937 Model Chevrolet pickup truck, he was driving, collided with a passenger bus belonging to the plaintiff in error, Oklahoma Transportation Company, Inc., and driven by its employee, the plaintiff in error, Roland J. Mays. As the deceased lingered in a Ft. Smith hospital approximately thirty-six hours before expiring, thereafter, when defendant in error instituted this action, as plaintiff, against the plaintiffs in error, as defendants, he sought damages in the amount of $36,000 for the deceased's personal injuries and conscious pain and suffering as a "Second" cause of action, in addition to the $12,000 sought in a "First" cause of action for his parents' loss of his services and anticipated contributions to their future support, and sought, under a "Third" cause of action the total sum of $974 as recompense for the cost of the deceased's ambulance transportation, hospitalization, medical attention, and funeral and burial. Trial of the action resulted in a general verdict in said plaintiff's favor for $30,000 and judgment was entered accordingly. Thereafter, the defendants perfected the present appeal. Our continued reference to the three principal parties will be by their trial court designations of "plaintiff" and "defendants", except where the Transportation Company and its driver are referred to respectively by name, or as "the bus company" and "bus driver."

The accident occurred at or near 1:30 p. m., on August 8, 1957, at a point on U. S. Highway No. 271, approximately eight miles west of Ft. Smith, Arkansas, and eleven miles east of Spiro, Oklahoma. The bus, traveling in a westerly direction, was about to pass the pickup, which had been traveling ahead of it in the same direction on the same highway, when, according to the undisputed evidence, the pickup turned south, or to its left, across the center line of the highway and the two vehicles collided.

In plaintiff's petition, he alleged that, as the bus approached the pickup from behind, the latter's driver, the deceased, was about to make a left turn off the highway; that he "slackened his speed" and "gave the proper signal" for this purpose; and that the negligence of the defendant bus company and its driver, Mays, consisted of the following:

"A. That the driver of said bus negligently and carelessly failed to slacken speed as he approached the pick-up truck being drive(n) by Jerry Green * * * in time to avoid striking and colliding with such pick-up truck.

"B. That said bus was being drive(n) at a speed greater than was reasonable and proper under the conditions existing and which was greater than that which would permit the defendant driver to control said motor bus or to stop within the assured clear distance ahead, all of which acts of negligence were specifically in violation of Title 47 O.S.1951, as amended, Section 121.3(A) * * *

"C. That the defendant, Mays, failed to sound the horn on the motor bus as he approached from behind and attempted to pass Jerry Green in the truck.

"D. That the defendant, Mays, failed and neglected to keep a proper look out for traffic generally and the deceased, Jerry Green, in particular.

"E. That the defendant, Mays, failed to keep the motor bus that he was operating under control to a sufficient extent to avoid striking or driving against the truck that Jerry Green was operating."

In the defendants' joint answer, they denied that the bus company and its driver were guilty of the negligence alleged in plaintiff's petition, and alleged that, if they were, the deceased was guilty of contribu-

tory negligence. They further alleged, among other things, in substance, that while the bus was traveling behind the pickup (both being on the north, or right, lane of the highway) the bus driver observed the pickup ahead of it going "less than 20 mph.", and then

> " * * * in the exercise of ordinary care, and in full compliance with the rules of the road * * * drove his bus to the left of the center of the highway to pass the truck * * *, and sounded the horn of the bus, which the decedent Jerry Green heard, or in the exercise of ordinary care could and should have heard, That before the bus * * * approached the rear of the * * * (truck) * * * Green suddenly and without any signal or warning, made a sharp turn toward the left side of the highway as though he was going to make a 'U' turn. * * *."

Defendants further alleged that this created a "sudden emergency * * * not brought about by any act of negligence" on the part of the bus driver, who, when confronted with said emergency, turned the bus farther to the left and exercised ordinary care to avoid impact with "the truck" but was unable to do so.

After all of the evidence had been introduced at the trial, defendants renewed a previous demurrer to the evidence on the ground that same did not warrant the relief prayed for, and moved for a directed verdict. The court overruled both the demurrer and motion, and neither then, nor subsequently, did defendants request the trial court to instruct the jury on the subject of sudden emergency.

It is the alleged errors in respect to these matters that comprise the basis of defendants' present appeal. By proposition "II" of their argument, they contend that denial of their motion for a directed verdict was error because there was no causal connection between any of their alleged acts of negligence and the injuries complained of by the plaintiff. Under this proposition, defense counsel assert that there is no evidence showing the bus was traveling in excess of the legal speed limit, which they say was 65 miles per hour, and that even assuming that the bus was exceeding the limit, "there is not a single word of testimony to suggest or even raise an inference that" its speed "had anything to do with the collision." It is difficult to completely disassociate the subject of speed with the cause of a collision like the one in question, in that any motor vehicle is usually easier controlled at a moderate, than at an excessive, rate of speed, and can be more suddenly and safely, or within a shorter distance, stopped when going slow than when going fast. Our Statutes and rules of the road do not authorize driving motor vehicles 65 miles per hour at all times and in all situations and conditions on our highways during daylight hours. If, in maintaining that rate of speed, one vehicle is following another too closely for safety, or, if the "assured clear distance ahead" does not warrant such speed, then ordinary care and prudence dictates a lesser one. As noted from the above quotation from their answer, defendants alleged that "before the bus * * * approached the rear of the" truck, the driver made a turn "as though he was going to make a 'U' turn." Even if this allegation be not considered binding as an admission that Mays knew, or should have known, *before* his bus came abreast of the truck, that the latter was going to turn across its intended course and said pleadings be held to have been amended by Mays' testimony at the trial, and other evidence, tending to show that the truck did not turn to the left until it and the bus were side by side, we still think it was for the jury to say whether defendants were guilty of negligence in the situation which the jury was to determine (from the evidence) existed immediately previous to, and at the time of, the collision. Granting that any difference in, or conflict of, opinion or conclusion as to the bus's speed and whether it came in contact with the truck on the paved highway's north lane, or on its south lane, would de-

pend upon giving weight to certain circumstances testified to by plaintiff's witnesses as against more direct testimony from defendants' three eye-witnesses, still there were relevant queries, which could quite conceivably have entered into the jury's deliberations, that were not satisfactorily answered by defendants' witnesses. For instance, their testimony was not in accord with reference to when, where and how many times the bus' horn was sounded before the accident occurred; and Maggie Triplett, who was at the Greens' roadside fruit stand some distance east of the scene of the accident, testified not only that the speed of the bus was "about 70 miles" when it passed that location, but that thereafter she did not hear its horn blow. Also, though after reminding him of the skid marks 187 feet long behind the bus, and of certain facts about the position of the two vehicles when they came to a stop, plaintiff's counsel was unable to obtain any admission from the bus driver to the effect that the bus "bumped", hooked onto, or came into contact with, the rear of the truck on the *north* lane of the highway before they both ran southwardly out of it, the decedent's mother testified that after the accident she saw some dirt on the highway's north lane and that the 10-gallon milk can the truck had been transporting was found to have fallen out "on the right" (or north) of the colored line separating the highway's two lanes. Plaintiff's witness, Olen Howard, testified in more detail as to indications on the road that the vehicles' first contact may have occurred on the highway's north lane, and he strongly inferred that the bus had "bumped" the truck from behind, while in said lane. No useful purpose would be served by referring, in any further detail, to the evidence tending to indicate negligence on the part of either of the motor vehicles' respective drivers. As hereinbefore noted, defendants contended that, as regards the bus driver, the accident was unavoidable, and that it was entirely the result of the deceased driver's negligence; but they do not claim that any complete test, standard or criterion, by which to resolve these issues is fixed by statute or written rules of the road. In this situation, we think the recognized rule requires their submission to the jury. See Garner v. Myers, Okl., 318 P.2d 410, 411, holding:

"Whether a collision between plaintiff's and defendant's respective autos was unavoidable, or was proximately caused by the negligence of either, or both, of the parties involved, is for determination by the jury under proper instructions, where the respective duties of the parties depend on the circumstances of the case and are not completely prescribed by law, and where reasonable men might differ as to such duties, and whether or not the parties discharged them, regardless of whether the facts are disputed, or undisputed."

In view of the foregoing, the trial court's overruling of defendants' demurrer to the evidence and motion for directed verdict was not error.

However, we can reach no such conclusion with reference to defendants' contention under part "I" of their argument that the trial court erred in not instructing the jury with reference to their defense of "sudden emergency." Plaintiff contends that defendants may not now be heard to urge such claimed error since they requested no instruction on that subject and merely recorded their exception to the judge's omission by dictating it into the record, instead of by writing it on a refused instruction and obtaining the judge's signature thereon, as provided by Tit. 12 O.S.1951 § 578. We cannot uphold plaintiff's argument. Here, the questions of whether or not the deceased turned the truck he was driving into, or into the path of, the bus without warning and thereby created a sudden emergency, and whether or not, in view of such emergency, if any, the accident was caused by negligence on the part of the bus driver, or by negligence of the deceased, were fundamental issues in the case. Sudden emergency was not only specifically pleaded by defendants,

but they introduced evidence in support of said defense. Consequently, they were entitled to have the jury properly instructed thereon, without request. See National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316. As such failure of the trial court to instruct the jury on his own initiative with reference to said fundamental issue, was prejudicial error, he should have granted defendants a new trial on that ground alone. Since it is our opinion and order that the trial court be, and is hereby, directed to vacate its previous judgment on the verdict and order overruling defendants' motion for a new trial, and that he supersede them with an order granting a new trial, it is unnecessary to consider part "III" of defendants' argument in which it is contended that said verdict is excessive.

DAVISON, C. J., and HALLEY, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., and JOHNSON, J., concur in result.

WELCH and JACKSON, JJ., dissent.