**Howard McKEE, Plaintiff in Error,**

**v.**

**Earl NEILSON, d/b/a Earl Neilson Garage, Defendant in Error.**

**No. 41594.**

Supreme Court of Oklahoma.

July 16, 1968.

Bill H. Chastain, Oklahoma City, for plaintiff in error.

Mitchell, Mitchell & Declerck, Enid, for defendant in error.

DAVISON, Justice.

The parties have the same relative positions in this court as they had in the lower court. They will be referred to by their trial court designation of "plaintiff" and "defendant."

Plaintiff filed suit against defendant alleging two causes of action for consequential damages accruing to plaintiff by reason of a collision in the intersection of two county roads between an automobile operated by his wife and an automobile driven by an employee of the defendant. The jury rendered a verdict for plaintiff on both causes of action. The lower court granted defendant a new trial on the first cause of action. Plaintiff has appealed from the adverse order.

In his first cause of action plaintiff alleged, and the evidence reflected, that his wife was driving his car east on a county road, that defendant's employee was driving a car south on a county road toward the intersection of the two roads, that the cars collided in the intersection, and that his wife was injured as a result thereof. Plaintiff alleged defendant's employee was guilty of certain described acts of negligence, and that he (plaintiff) was not negligent and did not contribute to the accident. Plaintiff sought recovery of damages because of loss of the services and companionship of his wife, and for doctor and hospital bills and other expense growing out of the accident and injuries to his wife. In his second cause of action the plaintiff sought to recover for damages to his car. Defendant's answer admitted the accident and injury to plaintiff's wife, denied defendant or his employee was negligent, and alleged negligence and contributory negligence on the part of plaintiff and his wife.

The evidence reflected that both plaintiff's wife and defendant's employee were alone when operating their respective vehicles at the time of the accident. After introduction of all evidence the court instructed the jury in instruction No. 1 that there was no evidence the plaintiff's wife was acting as the agent of plaintiff or that she was on a mission of joint enterprise with plaintiff at the time of the accident and as follows:

"* * * therefore the defense of contributory negligence on the part of the plaintiff is not available to the defendant. You are therefore instructed that the negligence, if any, of said Bertha Belle McKee is not imputable to the plaintiff herein."

As stated, the jury returned a verdict for plaintiff on both causes of action. The verdict fixed plaintiff's recovery on each cause of action at separate amounts. Defendant's motion for new trial alleged the court erred in giving instruction No. 1, and the court sustained the motion as to the first cause of action "on the ground and for the reason that the court committed error in giving" the instruction that the defense of contributory negligence of the plaintiff was not available to the defendant.

We will first determine whether or not the court should have given an instruction on contributory negligence and erred in ruling out the issue of contributory negligence in an action by the plaintiff husband for consequential damages caused by injury to the wife by reason of the fault of another person.

The issue made by defendant's answer was the negligence and contributory negligence of plaintiff and his wife who was driving his car. While the lower court speaks of the contributory negligence of

the "plaintiff," we have no doubt that the legal proposition the court had in mind under the circumstances was the effect of the contributory negligence, if any, of the plaintiff's wife.

In 27 Am.Jur., Husband and Wife, § 507, it is stated:

"It seems generally to be taken for granted that consent or contributory negligence on the part of the wife is a good defense when the husband brings a common-law action to recover for the loss of services or for medical expenses, etc., consequent upon physical injury sustained by the wife through the concurring fault of another. The cogent reason for this view is that if the person from whom the right of service and society is derived is capable of taking ordinary precautions to insure her own safety, and the person to whom the right of service belongs suffers her to go abroad unattended and to exercise her own faculties of self-preservation, it is no more than reasonable to hold him responsible, in a suit for loss of society and service, for the manner in which such faculties have been exercised. * * *"

In 41 C.J.S. Husband and Wife § 401c(1), p. 895, it is stated:

"Ordinarily, the husband is not entitled to consequential damages for injuries to his wife where defendant is not guilty of a tort which would give a right of action to the wife. Where the contributory negligence of the wife bars her recovery, recovery by the husband for consequential damages is also barred."

See Restatement of the Law, Torts, § 693(c) for the following statement:

"c. In order to subject one to liability to a husband for illness or bodily harm done to his wife, all the elements of tort action in the wife must exist, including the tortious conduct of the actor, the resulting harm to the wife and the latter's freedom from such fault as would bar a recovery by her, as for example, her contributory negligence."

And in Peters v. Bodin, 242 Minn. 489, 65 N.W.2d 917, 922, where the court was determining the correctness of an instruction advising the jury that a finding of contributory negligence on the part of the wife would prevent the husband from recovering for loss of her services, and for her medical and hospital expenses, the court said:

"This instruction is in accord with the established rule that a husband's right to special damages for loss of his wife's services, or for medical and hospital expenses arising out of her injuries is derivative only, so that if she has no valid claim for such injuries, he is likewise without right to recover for such special damages. * * *" (See cases cited)

See also Rhein v. Wark & Company, 4 Storey, Del., 10, 174 A.2d 132; Sisemore v. Neal, 236 Ark. 574, 367 S.W.2d 417; Elmore v. Illinois Terminal Railroad Company (Mo.App.) 301 S.W.2d 44, 47; Ross v. Cuthbert, 239 Or. 429, 397 P.2d 529, 530, supporting the above statements of law.

The plaintiff relies on the proposition that negligence of his wife in connection with the accident cannot be imputed to him because the evidence does not show any relationship of principal and agent or master and servant between them, or that his wife was on a joint mission or engaged in prosecution of a common enterprise, at the time of the collision. Plaintiff cites Gilbert v. Walker, Okl., 356 P.2d 346 (mere ownership of car involved in accident not sufficient to impute negligence to owner, unless driver was owner's agent); Lakeview, Inc. v. Davidson, 166 Okl. 171, 26 P.2d 760 (mere existence of marital relationship not sufficient to impute negligence of one spouse to the other, in absence of principal and agent relation or jointly engaged in common enterprise); and other cases with similar holdings. Plaintiff also cites Randolph v. Schuth, 185 Okl. 204, 90 P.2d 880, holding that the fact that the driver of the car does so with the owner's consent raises no presumption of agency.

The cited cases are not in point. The rule that the wife's contributory negligence bars the husband's recovery does not depend on showing agency, master and servant, or common enterprise. The basis for the rule has been variously explained. One reason for the rule is set forth in the quoted excerpt from 27 Am.Jur. Husband and Wife, § 507, supra. Peters v. Bodin, supra, holds the husband's right to the special damages is only derivative and if she has no valid claim, then he has no better right. In Stuart v. Winnie, 217 Wis. 298, 258 N.W. 611, 613, 614, it was explained that the husband's loss, due to loss of the wife's services and his expense for her medical treatment, arises out of her cause of action for the tort which caused her injury and because of the marital relation with the resulting obligations and rights, that part of her cause of action for recovery of those items were deemed, by operation of law, to be assigned to the husband, subject to all such defenses as existed against her. See also the discussion in Ross v. Cuthbert, supra, and Annotation in 42 A.L.R. 717. The present case is therefore distinguishable from the cases cited by plaintiff, in that the plaintiff's action, being derivative from his wife's cause of action, vested in the plaintiff subject to the defenses available against an action brought by the wife.

■ Our research discloses the case of Maples v. Bryce, Okl., (1967) 434 P.2d 214, where the husband sued for loss of services of his wife caused by injuries to her as a result of· a collision with an automobile operated by a third person (defendant), and in which we affirmed the refusal of the trial court to instruct the jury on the contributory negligence of the wife, on the ground that the defendant did not plead in his answer the affirmative defense of contributory negligence on the part of the wife. Therein appears the statement "Neither is her negligence imputable to the husband in the absence of agency.", and cited in support thereof is Savoia v. F. W. Woolworth Co., 88 N.J.Super. 153, 211 A. 2d 214, 14 A.L.R.3d 804, and 65A C.J.S.

Negligence § 159. The Savoia case was not an action by a husband to recover for loss of services of his wife. The cited § 159 of C.J.S., insofar as we can ascertain, pertains to actions other than those by a husband for loss of the services of his wife due to injuries inflicted by a third party, and in fact under note 44 of § 159 (p. 199) it is stated "Contributory negligence of wife as affecting husband's action to recover damages consequential to wife's injury see Husband and Wife, § 401." We have quoted from § 401, supra. The quoted statement of law from the Maples case was dictum and was neither necessary to support the conclusion reached therein nor applicable to the situation existing in the case. To the extent that it might be inferred or concluded from such statement that proof of agency of the wife for the husband was required in order to sustain the pleaded defense of contributory negligence of the wife in an action by the husband for the loss of her services, due to injuries negligently inflicted by a third person, the statement is inapplicable and is disapproved.

■ It is our conclusion that the law is well settled that the wife's contributory negligence may be pleaded and proved as a bar to the husband's action for medical expenses and loss of his wife's services, society, and companionship, because of injury to the wife caused by the negligence of a third person. It is our further conclusion that the lower court was correct in recognizing that there was error in not instructing the jury on the issue and effect of contributory negligence of plaintiff's wife, providing, of course, there is evidence thereof or from which contributory negligence may be inferred.

■ The evidence reflects that plaintiff's wife was driving east on a county road and defendant's employee was driving south on another road, and both were approaching the point where the roads crossed at right angles; that it was daylight and the terrain was flat, so that the cars were clearly visible and each driver

could have seen the other approaching car at a distance of more than two-tenths of a mile; that the attention of one witness was attracted to the plaintiff's car by its speed at some distance from the intersection; and that the left front of plaintiff's car collided with the right front of the other car in the center of the intersection. We express *no opinion on whether or not the* circumstances constitute contributory negligence, but the jury could or might determine them to be such when considered with photographs of the cars and the site of the collision and other circumstances.

This court has repeatedly held that if there is any evidence of contributory negligence or from which contributory negligence may be inferred or presumed, the issue must be left to the jury. Const. Art. 23, § 6; Cosmo Construction Company v. Loden, Okl., 352 P.2d 910.

■ The plaintiff contends that the defendant did not make proper and timely objections and exceptions to the instructions. Plaintiff states the objection was a general objection to each and all of the instructions and that the exception required by 12 O.S.1961, § 578, to be written at the close of each instruction and signed by the Judge, was not endorsed thereon until some months after the verdict. It appears without any question that the endorsement was made prior to the hearing on defendant's motion for new trial. The trial court found that defendant's counsel announced and took exception to each of the instructions prior to the reading of the same to the jury; that the court granted such exception and directed the same be endorsed upon the instructions after the verdict and prior to hearing on the motion for new trial and that this procedure was followed. It is obvious that the purpose of requiring objections to instructions prior to reading them to the jury is to inform the court of any defect or irregularity in the content thereof in order that the court may be informed and correct any error therein.

■ We need not, and do not, express any opinion on the complaint of plaintiff, except to state that the better procedure is to dictate into the record, prior to giving the instructions to the jury, the parties' objections to those instructions deemed to be defective or improper, and that after return of the verdict the exceptions be promptly written at the close of each instruction and signed by the Judge.

■ The issue of contributory negligence on the part of plaintiff's wife was raised by the pleadings and presented by the evidence, and if sustained to the jury's satisfaction was a defense to plaintiff's first cause of action. This fundamental issue should have been presented to the jury for determination. The trial court recognized this and granted a new trial because of failure to instruct the jury on such issue. In jury trials of actions of legal cognizance, it is the duty of the trial court on its own motion to instruct the jury as to all of the fundamental issues in the case, and the failure to discharge this duty is ground for a new trial. Acker v. Hopfeld, Okl., 416 P.2d 953.

■ In view of the constitutional provision making contributory negligence a question of fact for the jury, if there is any evidence of contributory negligence or from which contributory negligence may be inferred, the issue must be submitted to the jury under proper instructions. Okl.Const., Art. 23, § 6. Wade v. Reimer, Okl., 359 P.2d 1071.

It is well established that a trial court is vested with broad discretion in granting or denying a new trial, and its actions will not be disturbed on appeal unless it clearly appears that the trial court erred in some pure, simple question of law, or that it acted arbitrarily or capriciously. Nash v. Hiller, Okl., 380 P.2d 77, 80.

The trial court did not err in granting a new trial to defendant on plaintiff's first cause of action.

Affirmed.

JACKSON, C. J., IRWIN, V. C. J. and WILLIAMS, BLACKBIRD, BERRY, HODGES and LAVENDER, JJ., concur.