2017 OK 69

**Brent and Deborrah GRISHAM, Individually and as husband and wife; and Dan and Lee Rutledge, Individually and as husband and wife, Plaintiffs/Appellants,**

v.

**The CITY OF OKLAHOMA CITY, a Municipal Corporation, Defendant/Appellee.**

**Case Number: 112786**

Supreme Court of Oklahoma.

Decided: 09/18/2017

---

Andrew J. Waldron, Walker and Walker, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.[1]

Matthew Collins, Assistant Municipal Counselor, Oklahoma City, Oklahoma for Defendant/Appellee.

EDMONDSON, J.

¶1 This dispute is whether the term "claim" used in the Governmental Tort Claims Act (51 O.S. 151-172) when giving notice to a defendant should be construed as the same as a "claim" for the purpose of pleading in an Oklahoma District Court? The short answer to this question is, yes, they are construed the same except when the Governmental Tort Claims Act (GTCA or Act) *requires or allows* a difference. We explain the judgment of the District Court is reversed and on remand the court must grant a new trial.

¶2 The plaintiffs are two couples who suffered damages as a result of a sewer backup. They filed notice of claims with the City of Oklahoma City. The City's claim form asks claimants to distinguish between claims for injury to (1) personal property other than a vehicle, (2) personal injury, and (3) injury to a vehicle. The City denied the claims. Plaintiffs brought an action in the District Court for Oklahoma County and alleged property damage as well as nuisance damages, discomfort, inconvenience, and annoyance. The case was tried before a jury. The jury awarded each couple an amount in excess of the statutory cap for property damages.

---

1. Appearance is based upon counsel's name appearing on appellate briefs and petition for certiorari. *Jobe v. State ex rel. Dept. of Public Safety*, 2010 OK 50, n. 1, 243 P.3d 1171; *State ex rel.*

*Oklahoma Bd. of Medical Licensure and Supervision v. Pinaroc*, 2002 OK 20, n. 1, 46 P.3d 114, 116.

¶3 The trial court determined the Plaintiffs "filed their Petition seeking damages to their property *and for personal injuries* due to a sewer backup into their homes." [2] The pretrial conference order notes plaintiffs' claims for both property damage and damages for annoyance, inconvenience and discomfort on a nuisance claim. The City brought three demurrers to the evidence at trial. On the first it argued "Plaintiffs have failed to make a prima facie case of negligence or nuisance" The trial judge responded: "Okay. Well, it would be overruled. They've made a prima facie case on those." [3] The second argued the notice of claims with the City did not identify personal injury claims. The trial court sustained the demurrer on the evidence as to plaintiffs' nuisance personal injury claims based upon a conclusion that the GTCA notices were insufficient as a matter of law. The trial court then sustained a demurrer to the evidence arguing Deborrah Grisham did not file a tort claim. The proposed jury instructions on nuisance and personal injury were not given to the jury.

■■■ ¶4 The trial judge determined only property damage had been asserted by plaintiffs in their pre-action governmental tort claim notice with the City of Oklahoma City. The trial court reduced the verdict to a judgment for each couple in amount of $25,000.00 for damage to property. The trial court's decision to reduce the award was based upon an issue of law, does the GTCA require a notice of claim to specify types of damage, damage to property and other damages, in order for the notice to be effective pursuant to the GTCA? The trial court denied plaintiffs' motion for new trial based upon its previous statutory interpretation of the

GTCA. Generally, an abuse of discretion standard is used for appellate review of an order denying a motion for new trial.[4] An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling.[5] An alleged error of law is reviewed on appeal using a *de novo* standard.[6] The alleged error in this proceeding is the trial court's construction or meaning of the statutory GTCA notice. This alleged error is reviewed *de novo*.

¶5 Plaintiffs appealed and asserted they were entitled to an additional amount per couple as awarded by the jury. The Court of Civil Appeals affirmed. Plaintiffs' petition for certiorari was granted. Plaintiffs argue on certiorari the notice of claim given to a government entity need not specify with particularity different types of damages. The City argues a notice of claim must specify with particularity property damages and other damages.

¶6 The judge's decision in reducing the verdict is based upon two concepts: (1) a plaintiff must specify whether damages have occurred to (a) property or (b) "any other loss" as part of the pre-suit notice to the governmental entity, and (2) the absence of such specificity in the notice invalidates the notice as to either type of loss not specifically named with particularity in the notice. We agree with this approach *due to the type of notices given by plaintiffs to the City*, but reverse due to our prospective holding.

¶7 Notice and its elements are not mandatory and jurisdictional merely because notice is required in a given circumstance. Notice may be jurisdictional because the notice is used to alter a legally protected interest,[7] or

2. Order Denying Plaintiffs' Motion to Reinstate Jury Verdict and Motion for New Trial, p.1 (emphasis added).

3. O.R. Trial Transcript, Vol. 3, at p. 241.

4. *Matter of K.S.*, 2017 OK 16, ¶ 7, 393 P.3d 715, 717.

5. *Gowens v. Barstow*, 2015 OK 85, ¶ 11, 364 P.3d 644, 649.

6. *Christian v. Gray*, 2003 OK 10, 43, 65 P.3d 591, 608, citing *Scoufos v. State Farm Fire and Cas. Co.*, 2001 OK 113, ¶ 1, 41 P.3d 366, 367 ("A de

novo standard applies when the error is one of law."). See also *Heffron v. District Court of Oklahoma County*, 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076 (A legal question involving statutory interpretation is subject to *de novo* appellate review, *i.e.*, a non-deferential, plenary and independent review of the trial court's legal ruling.).

7. *Dani v. Miller*, 2016 OK 35, 39-42, 374 P.3d 779, 795-796, discussed *Texaco, Inc. v. Short*, 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982), *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and distinguished the concept that specific notice

merely because procedure requiring the notice expressly makes it mandatory or jurisdictional, such as when the Legislature uses the term "shall" to indicate a legislative intent to create a mandatory requirement.[8] We have observed that the notice specified by the GTCA is a "mandatory prerequisite jurisdictional requirement to filing a tort claim for damages."[9]

■ ¶ 8 The GTCA uses the term "shall" and thereby appears to make certain attributes of the notice to be mandatory.

Any person having a claim against the state or a political subdivision ... *shall* present a claim to the state or political subdivision for any appropriate relief including the award of money damages ...

... A claim against ... a political subdivision *shall* be forever barred unless notice thereof is presented within one (1) year after the loss occurs.

... A claim against a political subdivision *shall* be in writing and filed with the office of the clerk of the governing body.

51 O.S. 2011 156 (A), (B), & (D) (material omitted).

In *Minie v. Hudson*,[10] the Court noted a statutory amendment and language in 156 requiring that notice of a claim "shall be in writing."[11] We concluded this language is "normally considered as a legislative mandate equivalent to the term 'must', requiring interpretation as a command;" and we held the amendment superseded our previ-

ous opinion explaining a substantial compliance test applied to claimant's verbal notice to a governmental entity.[12] No language in 156 uses the term "shall" in connection with specifying with particularity property injuries and other types of injuries. We conclude plaintiffs' notices complied with the requirements for notice in 156 which use the term "shall" for elements of the notice because of our prospective holding relating to a claimant's choice in giving a specific notice of a particular type of damage.

¶ 9 Section 156 refers to notice of a "claim" but does not define a claim for the purpose of notice. Section 152 of the Act defines a claim as follows.

4. "Claim" means any written demand presented by a claimant or the claimant's authorized representative in accordance with this act to recover money from the state or political subdivision as compensation for an act or omission of a political subdivision or the state or an employee;

51 O.S.2011 152 (4).

Identifying a claim by the nature of the loss, property or "any other loss," occurs in 154 of the Act and is for the stated purpose of limiting liability. The definition of a claim does not require one to specify the type of damages with particularity. A. The total liability of the state and its political subdivisions on claims within the scope of The Governmental Tort Claims Act, arising out of an accident or occur-

---

is not constitutionally required for a citizen that his or her property interests will be changed by a new statute from the concept that a citizen's property rights will not be properly adjudicated by a court of law unless that citizen receives constitutionally sufficient notice; *Harry R. Carlile Trust v. Cotton Petroleum Corp.*, 1986 OK 16, n. 25, 732 P.2d 438, 443 *cert. denied*, 483 U.S. 1007, 107 S.Ct. 3232, 97 L.Ed.2d 738 and 483 U.S. 1021, 107 S.Ct. 3265, 97 L.Ed.2d 764 (1987) ("When a proceeding is likely to affect constitutionally protected property interests, notice to interested parties must be 'reasonably calculated, under all circumstances' to apprise them of the pendency of the action and afford them an opportunity timely to interpose their objections.").

8. *Woods Development Co. v. Meurer Abstract*, 1985 OK 106, 712 P.2d 30, 33 (A long-standing rule of statutory construction is that "may" generally denotes permissive or discretional, while

"shall" is ordinarily interpreted as implying a command or mandate; however directory construction rather than mandatory for the word "shall" is made upon a finding of legislative intent for such construction.).

9. *Hall v. GEO Group, Inc.*, 2014 OK 22, ¶ 1, 324 P.3d 399, 400, citing *Duncan v. City of Nichols Hills*, 1996 OK 16, ¶ 14, 913 P.2d 1303; *Gurley v. Memorial Hosp. of Guymon*, 1989 OK 34, ¶ 6, 770 P.2d 573.

10. 1997 OK 26, 934 P.2d 1082.

11. 1997 OK 26, 934 P.2d 1082, 1086.

12. *Minie*, 1997 OK 26, 934 P.2d 1082, 1086, explaining the statutory amendment and *Duesterhaus v. City of Edmond*, 1981 OK 107, 634 P.2d 720.

rence happening after the effective date of this act, Section 151 et seq. of this title, shall not exceed:

1. Twenty-five Thousand Dollars ($25,000.00) for any claim or to any claimant who has more than one claim *for loss of property arising out of a single act, accident, or occurrence;*

2. Except as otherwise provided in this paragraph, One Hundred Twenty-five Thousand Dollars ($125,000.00) to any claimant *for a claim for any other loss arising out of a single act, accident, or occurrence.* The limit of liability for the state or any city or county with a population of three hundred thousand (300,000) or more according to the latest federal Decennial Census....

51 O.S.2011 154 (A) (1) & (2) (material omitted).

For the purpose of limiting "total liability" the Act distinguishes a claim based upon an injury to property from "any other loss" where the former is limited to $25,000.00 maximum liability and the latter a $125,000.00 liability. Section 154 splits "any claim ... for loss of property" in one paragraph from "a claim for any other loss" in the next paragraph. This identification of "claims" for liability purposes also expressly references them to *"arising out of a single act, accident, or occurrence."* The limitation of liability statute, 154, provides for splitting "claims" *for the purpose of limits on liability* and then ties these "claims" to language designating *one cause of action or one claim, i.e.,* a single transaction or occurrence. The statutory limits tied to types of damage does not state that a notice of claim must state with particularity the type of damage in a notice of a claim.

¶ 10 The phrase *arising out of a single act, accident, or occurrence* in the GTCA is a reference to how a cause of action or a "claim" is defined in a District Court action. The Oklahoma Pleading Code made effective in 1984 uses the term "claim" as a functional equivalent to "cause of action" in several contexts.[13] In a District Court proceeding, a cause of action or claim is *not* split into different claims or causes of action based upon whether injury occurred to the plaintiff's property versus his or her person. A cause of action in a District Court cannot be split and divided and made the subject of several suits or "claims," and all of the various items of damage plaintiff has suffered must be included in the one action unless the defendant has waived this requirement.[14] We have explained "[a] cause of action embodies all theories of recovery or damages which emanate from one occurrence or transaction."[15] A single cause of action or claim for the purpose of the pleading in District Court includes all types of damages *arising out of a single act, accident, or occurrence* as described in 154.

¶ 11 Notice of a tort injury must be given to a governmental entity in the form of a claim before a party may file a District Court tort action against the governmental

---

**13.** *MBA Commercial Const. Inc. v. Roy J. Hannaford Co., Inc.,* 1991 OK 87, n. 8, 818 P.2d 469, 473 ("The terms 'claim' and 'cause of action' are interchangeable. The former pleading code required that a petition state facts sufficient to constitute a 'cause of action.' ... Under the new pleading code the plaintiff is required to set forth a statement of the claim showing that the pleader is entitled to relief ... Accordingly, the term 'cause of action' has been replaced by a 'claim for relief' in the pleading code.") (citations omitted). *See also Patel v. OMH Medical Center, Inc.,* 1999 OK 33, n. 62, 987 P.2d 1185, 1202, (stating petition provides notice of a "claim" and is sufficient under the new Oklahoma Pleading Code if it discloses "the existence of the necessary elements of a legally recognized claim or cause of action."), quoting George B. Fraser, The Petition Under the New Pleading Code, 38 Okla. L.Rev. 245, 246 (1985).

**14.** *Mann v. State Farm Mut. Auto Ins. Co.,* 1983 OK 84, 669 P.2d 768, 772, quoting *Christian v. American Home Assurance Co.,* 1977 OK 141, 577 P.2d 899, 905, citing *Empire Oil & Refining Co. v. Chapman,* 1938 OK 253, 182 Okla. 639, 79 P.2d 608, *State v. North American Life Ins. Co. of Chicago,* 1950 OK 332, 203 Okla. 672, 225 P.2d 796, and *Aetna Cas. & Sur. Co. v. Associates Transports, Inc.,* 1973 OK 62, 512 P.2d 137.

**15.** *Teel v. Public Serv. Co.,* 1985 OK 112, 767 P.2d 391, 395, superseded in part by statute on other grounds noted in *Hull v. Sun Refining and Marketing Co.,* 1989 OK 168, 789 P.2d 1272, 1278.

entity.[16] The notice provision of the GTCA furthers the following legitimate state interests: (1) prompt investigation with fresh evidence; (2) opportunity to correct dangerous conditions; (3) quick and amicable resolution of claims; and (4) fiscal planning to meet possible liability.[17] These factors were satisfied in the present case as to plaintiffs' property damage when plaintiffs used the claim forms provided by the City of Oklahoma City; provided their names, addresses, the date and time of damage, the name of the city's supervisor who investigated their damage, insurance information, and sought monetary relief for their property damage; then filed their written notices with the city clerk.

¶ 12 We agree that a statement of different types of damage claimed in the notice would help fiscal planning. However, the Legislature does not consider a notice of different damages a mandatory or jurisdictional element. Section 156 uses the term "shall" for the claim stating a "date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded." But it also provides: "Failure to state either the date, time, place and circumstances and amount of compensation demanded, or any information requested to comply with the reporting claims to CMS under MMSEA shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision." [18] We must construe this language in 156 as a consistent part of the whole statute,[19] and 156 as an individual statute of the GTCA must be viewed as part of a consistent whole.[20] We decline to create subclasses of 156 claims and hold either (1) "amount of compensation" means a plaintiff must, in a mandatory sense, specify different types of damages, or (2) "Failure to state ... amount of compensation demanded" refers only to "claims to CMS under MMSEA" and make this element of notice mandatory for some claims and directory for others. None of the statutes at issue herein, 51 O.S. 152, 154, or 156 state that specifying property damages versus other damages is a mandatory or jurisdictional requirement for providing the required GTCA notice of a claim. Plaintiffs' written notices of claim indicated they suffered an injury arising out of a single transaction or occurrence which became a single District Court cause of action or claim for damage. Plaintiffs' written GTCA notices substantially complied with the requirements of 156 in providing notice of their claim to the City, but plaintiffs' made a choice in limiting their claims to property damage in their notices when they were not required to do so by 156.

16. *Shanbour v. Hollingsworth*, 1996 OK 67, 918 P.2d 73, 75 ("compliance with the written notice of claim and denial of claim provisions in [51 O.S. 1991] 156 and 157 are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government").

17. *Watkins v. Central State Griffin Memorial Hospital*, 2016 OK 71, ¶ 22, 377 P.3d 124, 130, citing *Reirdon v. Wilburton Bd. of Education*, 1980 OK 67 ¶ 4, 611 P.2d 239, 240.

18. 51 O.S. 2011 156 (E) (material omitted and emphasis added):
   The written notice of claim to ... a political subdivision *shall* state the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, the name, address and telephone number of any agent authorized to settle the claim, and any and all other information required to meet the reporting requirements of the Medicare Secondary Payer Mandatory Reporting Provisions in Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA) through the Centers for Medicare & Medicaid Services (CMS).Failure to state either the date, time, place and circumstances and amount of compensation demanded, or any information requested to comply with the reporting claims to CMS under MMSEA shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision. ...

19. *Broadway Clinic v. Liberty Mut. Ins. Co.*, 2006 OK 29, ¶ 6, 139 P.3d 873; 883 (part of an entire statute must be construed light of the whole statute and its general purpose and objective).

20. *Pellegrino v. State ex rel. Cameron University ex rel. Board of Regents of State*, 2003 OK 2, 16, 63 P.3d 535, 540 ("an individual statute of the GTCA is viewed as one part of a whole statutory scheme with all individual statutes of the GTCA construed as consistent parts of the whole").

¶ 13 In *Truelock v. City of Del City*,[21] the Court determined damages for inconvenience, annoyance, and discomfort associated with a sewer backup are not property damages, but damages for "any other loss" under 51 O.S.Supp.1994 154.A of the Governmental Tort Claims Act.[22] In *Kennedy v. City of Talihina*,[23] our Court of Civil Appeals used this language identifying different damages and applied it to create different "claims" for the purpose of giving notice to a government entity. This was accomplished by holding one party's notice of claim for property damage did not bar a subsequent suit based upon a second notice of claim for damages other than to property for that one party, as well as both property damages and other damages to other family members.[24] The court concluded that the District Court "claim" for property damages was barred by failure to timely bring an action after denial of the first notice.[25] The court then allowed a second GTCA "claim" for a different type of damages to serve as a basis for the lawsuit because it was timely brought after denial of the claim.[26]

■ ¶ 14 The City of Oklahoma City argues that if plaintiffs in our case today may use their notice of a claim asserting property damages as a notice of other damages then *Kennedy v. City of Talihina, supra*, must be overruled. We disagree because of our prospective holding herein. We agree with *Kennedy* "there is nothing in the language of the GTCA that prohibits a claimant authorized to file a claim from filing a separate notice of claim for each separate type of compensable injury subject to these limitations [on the amount of damages in the GTCA]." [27] There is nothing in the GTCA that prohibits splitting a notice of GTCA claims.

¶ 15 There is nothing in the GTCA prohibiting or requiring a single notice of a claim including all damages. There may be, of course, practical limits upon a claimant submitting more than one notice of a claim with different damages arising from the same transaction or occurrence. One practical limit is the effect of a governmental entity's denial of a claim and the commencement of the time to commence a District Court action without splitting a cause of action or failing to timely file to recover for certain damages. This latter issue was raised in *Kennedy*. The GTCA does require notice and timely filing in the District Court based upon denial of the claim by the governmental entity.[28]

¶ 16 Claimants and counsel should be aware of this potential procedural trap. Filing one notice of claim specifying all types of damages may assist in avoiding this and other issues, as well as assisting the governmental entity with investigation and budgetary concerns. But again, the GTCA does not require a single notice of claim or prohibit more than one notice of claim. Nothing prohibits a municipality from requesting additional information relating to a plaintiff's injuries when a notice of claim is filed.

21. 1998 OK 64, 967 P.2d 1183.

22. 1998 OK 64, ¶ 9, 967 P.2d at 1187.

23. 2011 OK CIV APP 108, 265 P.3d 757 (released for publication by order of the Court of Civil Appeals).

24. In *Kennedy*, one member of the family, Burl Kennedy, filed a notice of claim asserting property damage from a sewer backup and suit was not brought within the time allowed after denial of that claim. *Id.* 2011 OK CIV APP 108, ¶ 7, 265 P.3d at 761. Burl joined four other family members and filed a second notice of claim, and asserted both property damage and injury to their persons. Suit was timely brought from the denial of this second claim. *Id.* at 9, 265 P.3d at 762.

25. *Kennedy*, at 8, 265 P.3d at 761 ("Because the Kennedys did not file suit with respect to their property damage claim prior to August 11, 2009, that is, within one hundred and eighty days after their property damage claim was deemed denied, suit against the Town for the Kennedys' property damage is barred.").

26. *Kennedy*, at 10-12, 265 P.3d at 762-763.

27. *Kennedy*, 2011 OK CIV APP 108, ¶ 10, 265 P.3d at 762.

28. *Harmon v. Cradduck*, 2012 OK 80, ¶ 28, 286 P.3d 643 (Notice is a jurisdictional prerequisite to bringing a District Court action under the GTCA.); *Brown v. Creek County ex rel. Creek County Bd. of County Com'rs*, 2007 OK 56, ¶ 8, 164 P.3d 1073, 1076 ("The terms of 157 of the GTCA provide that no action brought under that act may be filed more than 180 days after notice of claim to the appropriate political subdivision has been denied or is deemed denied.").

¶ 17 If the GTCA *allows* a claimant to provide a "split notice" based upon the type of damage, then the *Kennedy* situation allows barring a split-notice GTCA claim. This is so because the right to file a District Court action is tied to the claim which was previously denied or deemed denied.[29] If a split notice is allowed by the GTCA, were the notices of claims given by plaintiffs' split notices for only property damage and thus insufficient notices for a personal injury claim pursuant to *Kennedy's* reasoning? Was the City entitled to additional split notices for personal injury? The City is statutorily entitled to notice of a claim against it, and if a claimant decides to give notice of a claim based solely on property damage, then that claimant must also provide additional notice for "any other loss" as well if the claimant is to pursue a District Court action for "any other loss."[30]

¶ 18 This Court and the Legislature have not addressed this issue and it is a procedural trap for claimants since the 154 limits for types of damage are not part of the mandatory requirements for providing a 156

notice. Judicial policy determines whether, and to what extent, a new rule will operate retroactively.[31] The pipeline doctrine is often used when a court applies a new rule of law to (1) the case before the court, and (2) cases in the litigation pipeline, and (3) interests capable of being litigated *after* the court's pronouncement.[32] The trap-for-the-unwary doctrine acts as a partial mirror-image to the pipeline doctrine because the former specifies a new rule is *not* applied to (1) the case before the Court, or (2) cases in the judicial pipeline, or (3) a legal interest arising *before* the date of the court's opinion.

¶ 19 One example of the trap-for-the-unwary doctrine occurs when a poorly written statute or a not-so-clearly settled legal norm creates a veritable legal trap for the unwary.[33] When this is present the Court will ameliorate the effect of its decision to provide evenhanded fairness.[34] This concept has been applied when a required statutory notice is constitutionally deficient, or the statute possesses an inadequacy resulting in parties utilizing a legally flawed procedure, the statute has an incomplete attribute creat-

**29.** 51 O.S. 2011 157:

A. A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give notice within five (5) days of such action to the claimant at the address listed in the claim. If the state or political subdivision fails to give the notice required by this subsection, the period for commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval. The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial unless agreed to in writing by the claimant and the state or political subdivision.

B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. The claimant and the state or political subdivision may agree in writing to extend the time to commence an action for

the purpose of continuing to attempt settlement of the claim except no such extension shall be for longer than two (2) years from the date of the loss.

**30.** 51 O.S. 2011 157, *supra.*

**31.** *Globe Life & Acc. Ins. Co. v. Oklahoma Tax Com'n,* 1996 OK 39, n. 41, 913 P.2d 1322, 1329.

**32.** *Globe Life & Acc. Ins. Co. v. Oklahoma Tax Com'n,* 1996 OK 39, 913 P.2d 1322, 1329 (pipeline doctrine applies court's holding to matter before the court, cases in the judicial pipeline, and other legal controversies involving the specific interest litigated and arising *after* the opinion is promulgated); *Strelecki v. Oklahoma Tax Commission,* 1993 OK 122, n. 44, 872 P.2d 910, 915 (pipeline doctrine applies to interests in litigation at the time of the court's opinion as well as interests capable of litigation and also arise *after* the opinion is promulgated).

**33.** *Bushert v. Hughes,* 1996 OK 21, 912 P.2d 334, 335.

**34.** *State ex rel. Oklahoma Bar Ass'n v. Mothershed,* 2011 OK 84, n. 37, 264 P.3d 1197, citing *Arrow Trucking Co. v. Lewis,* 2004 OK 18, ¶ 7, 90 P.3d 997, 999-1000; *Sisk v. J.B. Hunt Transport, Inc.,* 2003 OK 69, n. 27, ¶ 14, 81 P.3d 55, 61.

ing uncertainty in its application,[35] or simply when a new and legally untested statutory procedure is capable of inconsistent applications. In *Bomford v. Socony Mobil Oil Co.*,[36] we addressed the requirements for providing notice to parties when publishing notice in a newspaper circulated to the public. We explained "all procedural modifications enunciated herein shall not be construed as invalidating the publication process *in this case*" or in other legal proceedings where a final determination of the parties' legal interests had occurred.[37] In *Bushert v. Hughes*,[38] we relied on our 1964 opinion in *Poafpybitty*,[39] and explained our explanation of a new and untested legal procedure would not apply to the party in that case.[40] In *Harry R. Carlile Trust v. Cotton Petroleum Corp.*,[41] a 1986 case involving the adequacy of notice, we explained "the new standards" would apply to notices provided after the effective date of the Court's opinion, and the party therein was not allowed to reap "a tangible benefit from its forensic triumph." [42] Applica-

tion of both the pipeline doctrine and the legal-trap-for-the-unwary doctrine are each used to accomplish several important public policies, two of which are: (1) All similarly situated litigants are treated the same by the courts; and (2) The law favors a procedure providing the People an opportunity to go forward with litigation which may lead to beneficial changes in the law.[43] Fairness requires judicial recognition of (1) the interest of the municipality in receiving a notice identifying the nature of the claim against it, and (2) claimant's interest in giving notice of a claim which satisfies the requirements of the GTCA without an additional non-GTCA burden placed on claimant by the municipality. The form provided by the City of Oklahoma City expressly provided for a claimant giving notice of property damage as well as a claim for personal injury. Fairness also requires a court to recognize that a private-party claimant possesses personal discretion to file a *self-limiting* notice of claim where property damage is the only damage claimed, and a

**35.** The GTCA is silent on the effect of a claimant stating one particular type of damage in the claimant's notice to the governmental entity. This silence does not create an incomplete and unintelligible statute, but requires the Court to give full effect to both the notice and damages provisions of the GTCA. *See, e.g., Neeman v. Nebraska Natural Resources Commission*, 191 Neb. 672, 217 N.W.2d 166, 169 ("a statute which is otherwise valid will not be held void or unintelligible and meaningless unless it is so imperfect and deficient in its terms as to render it impossible of execution and enforcement"); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 134-138 (2012) (discussing the "Unintelligibility Canon" of statutory construction, which holds that an unintelligible, incomplete statute is unenforceable); *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 1989 OK 139, 782 P.2d 915, 918 (statutes are construed as a consistent whole and in harmony with common sense and reason).

**36.** 1968 OK 43, 440 P.2d 713.

**37.** 1968 OK 43, 440 P.2d 713, 720-721 (emphasis added).

**38.** *Bushert, supra*, at note 33.

**39.** *Poafpybitty v. Skelly Oil Co.*, 1964 OK 162, 394 P.2d 515.

**40.** *Bushert*, 1996 OK 21, 912 P.2d at 340-341 ("But for the application of *Poafpybitty*, ... and the prospective effect we give to today's pro-

nouncement, she could not escape the consequences of her own act" participating with opposing counsel and the trial court in an "extra-statutory shortcut.").

**41.** *Harry R. Carlile Trust v. Cotton Petroleum Corp., supra*, note 7.

**42.** *Harry R. Carlile Trust*, 1986 OK 16, 732 P.2d at 448-449.

**43.** *See, e.g., Griggs v. State, ex rel. Oklahoma Dept. of Transp.*, 1985 OK 51, 702 P.2d 1017, 1021 (when examining retroactive application of a new rule of law the Court considers the values of treating similarly situated persons equally and encouraging litigants to go forward with appeals which may lead to salutary changes in jurisprudence); *Harry R. Carlile Trust*, 1986 OK 16, 732 P.2d at 445-449 (the Court's analysis for prospective application of a rule of law included consideration of (1) the purpose of the new rule; (2) the burden likely to be imposed on the administration of legal process by the potential increased volume of curative juridical action; (3) whether the proceeding was a direct or collateral attack; (4) whether the new rule condemns "a prior course of conduct pursued by a private party-litigant," *i.e.*, whether application of that rule via judicial "condemnation" bars a party-litigant's action or defense; and (5) reliance by the parties on previous public expressions of law found in statutes, court opinions, and public agency process of long standing, and the extent of that reliance).

municipality may reasonably rely on a claimant's notice claiming property damage to determine whether such claim of property damage should be denied or paid. We hold the notices of claims in the present controversy were sufficient for the City to investigate, correct the situation, resolve the controversy, and determine possible liability for the claims of property damage, but were not sufficient for addressing claims for personal injury included in the District Court action.

¶ 20 We give today precedential effect to a point of procedural law that was not part of the 156 mandatory procedure and this point was unresolved by the Court at the time critical to this controversy. We hold a claimant's notice of "property damage" without stating "any other loss" in the notice is a sufficient notice for property damage but is not a sufficient notice for any other loss. We hold this pronouncement will have purely prospective effect and shall apply when all four following conditions are present concerning a single notice of claim: (1) The notice of claim is filed with a governmental entity after the effective date of this opinion; *and* (2) The claimant's notice expressly claims "property damage;" *and* (3) The face of that notice contains no language by claimant indicating notice for any other damage or "any other loss;" *and* (4) That notice used by claimant is on a form expressly providing for a claimant giving notice for types of damage other than for "property damage."[44] Due to our prospective holding construing a *non-mandatory* feature of GTCA procedure, we remand for further proceedings and a new trial.

¶ 21 Plaintiffs seek appellate relief in the form of reinstating the jury's verdict for an amount in excess of the property damage cap

on damages. This relief is improper. Plaintiffs agree in their brief that a property damage claim is capped at $25,000.00 by the GTCA. Their brief argues what the jury could have found had the jury "been allowed to find the existence of a nuisance." The trial court did overrule the demurrer to the evidence on the personal injury "claim" finding a prima facie case had been presented by the evidence. However, the jury was not instructed on a personal injury nuisance claim.

¶ 22 A trial court has a duty to instruct on the decisive issues raised by the pleadings and the evidence.[45] This rule is consistent with the function of jury instructions as well as the concept of fairness to both sides of the controversy.[46] A plaintiff has a right to have his or her theories of recovery presented to the jury; the defendant has a similar right with regard to defenses. Both plaintiffs and the City have a right not only to present evidence relating to the personal injury/nuisance claims but also advocate for proper instructions on such evidence to be considered by a jury. New trials are granted when a trial court fails to instruct on critical legal theories in a case resulting in reversible error when a jury is misled.[47]

## Conclusion

¶ 23 We hold a claimant's notice of "property damage" without stating "any other loss" in the notice is a sufficient notice for property damage but is not a sufficient notice for any other loss. We hold plaintiffs' GTCA notices of claim using the form provided by the City of Oklahoma City and claiming specific damage to their property were also required by the GTCA to provide notice of a

44. *McDaneld v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, ¶ 12, 979 P.2d 252, 257.

45. *Timmons v. Royal Globe Ins. Co.*, 1982 OK 97, 653 P.2d 907, 915.

46. *Oklahoma Trans. Co. v. Green*, 1959 OK 171, 344 P.2d 660 (defense pled by defendants and introduced by evidence in support thereof required a jury instruction); *Garner v. Myers*, 1957 OK 224, 318 P.2d 410 (plaintiff entitled to new trial due to failure to instruct jury on presumption of defendant's negligence); *McKee v. Neilson*, 1968 OK 102, 444 P.2d 194 (grant of new trial affirmed on appeal when jury had not been properly instructed on contributory negligence).

47. *Taliaferro v. Shahsavari*, 2006 OK 96, ¶ 25, 154 P.3d 1240, 1247-1248 (A trial court must instruct on the fundamental issues of a case and failure to do so is grounds for a new trial because fundamental error occurs when the trial court does not accurately instruct the jury on the law.). *See also Timmons v. Royal Globe Ins. Co., supra; Oklahoma Trans. Co. v. Green, supra; Garner v. Myers, supra; McKee v. Neilson, supra.*

claim for personal injuries (or "any other loss") arising from that same transaction or occurrence in order to bring their subsequent suit in District Court for both property damage and personal injury/nuisance. Our holding is prospective as explained herein. The opinion of the Court of Civil Appeals is vacated, the judgment of the District Court is reversed, and the matter is remanded with directions to grant plaintiffs a new trial on both their property and personal injury claims.

¶24 COMBS, C.J.; KAUGER, WATT; WINCHESTER, EDMONDSON, COLBERT, REIF, and WYRICK, JJ., concur.

¶25 GURICH, V.C.J., concur in part and dissent in part.

